## NEW YORK SUPERIOR COURT.

THOMAS A. EMMET, committee, &c. of JOHN MARKS agt. CONRAD BOWERS, surviving executor, &c.   Two suits.

Where pending the action, the cause of action has been *transferred* by the plaintiff, the action should still be continued in the name of the original plaintiff, under § 121 of the Code, unless the *transferee* applies to be substituted as plaintiff.

*Special Term, June,* 1862.

MOTION to substitute Catharine Emerson plaintiff in these suits.

MR. WHEELER, *for plaintiff.*
MR. BURLOCK, *for defendant.*
MR. GOODALE, *for C. Emerson.*

BOSWORTH, Ch. Justice.   It appears by affidavit that issue was joined in this action, April 1, 1847.   It was referred to three referees the 27th of May, 1848 ; it was submitted to the referees on the 5th of December, 1850. John Marks was restored to the control of his property, June 1, 1851.   He assigned all his property to Catharine Emerson, August 15th, 1853.   He died on the 25th of January, 1854.   This motion was noticed to be made on the 24th of May, 1862.

Two of the referees are dead, and the cause is undecided. It is a matter of course to vacate the order of reference.

The actions, as I infer from the affidavit, are actions at law, and the nominal plaintiff being alive, and not subject to any disability, the suits can proceed in his name. (*Code,* § 121.)

If the transferee does not apply to be substituted as plaintiff, the language of the Code is, that " the action *shall* continue in the name of the original party."

The defendant can notice the suits for trial, and have the complaint dismissed, if the plaintiff does not bring

Emmet agt. Bowers.

them to trial. (*Code*, §§ 459, 256, 258.) I see no occasion for substituting C. Emerson as plaintiff, and I think this can only be done on her motion. (*Code*, § 121; 5 *Duer's R.*, 604; 1 *Bosw. R.*, 571, 600, 601.) If she is to be made plaintiff, the pleadings would need to be re-constructed.

*Shearman* agt. *Coman* (22 *How. Pr. R.*, 517,) does not purport to state the opinion of the judge, and if it states accurately that the judge ordered " that the complaint be dismissed and *judgment be given for the defendant*, with costs of the action, unless the assignee be substituted" as plaintiff of record within twenty days, &c., then there must have been something peculiar in the condition of the case, which the report does not disclose.*

Why the present plaintiff should be subjected to the costs of the action, merely because Mrs. Emerson may not desire to be substituted as plaintiff, when he may be willing

---

* NOTE.—It seems, recently, to be necessary, where a case is reported with only a short and informal opinion of a judge, or where no opinion at all has been given— merely a decision—to explain it, in order to give it proper credence. The case here referred to was drawn up and given to the reporter by Charles Tracy, Esq., of New York, one of the counsel engaged in it; and from the known integrity and fairness of the counsel, the reporter had no doubt, and has none now, but what the case as submitted and reported, contains *all* there was of it. Judge ALLEN did not write any opinion; but it is presumed that, before making his decision, he examined some, if not all the authorities there cited by the defendant's counsel. One of the authorities cited is section 111 of the Code, the first sentence of which reads as follows: " *Every action* MUST *be prosecuted in the* NAME *of the real party in interest.*" But like other inconsistencies in the Code, this sentence may be inconsistent with a sentence in section 121 of the Code, which says: "In case of any other transfer of interest, the action SHALL *be continued in the* NAME *of the original party*; or, the court *may* allow the person to whom the transfer is made, to be substituted in the action." This section relates to abatement of actions exclusively, and the two sentences quoted would seem to be inconsistent with each other, although in the alternative. It appears, then, that the result comes to this: Section 121 gives the court a discretion to substitute the assignee as a party, thereby nullifying the previous absolute sentence continuing the action in the name of the original party. And section 111, which relates generally to the prosecution of *all* actions, is *absolute* and *imperative* in its language, requiring every action to be prosecuted in the name of the real party in interest. After a party assigns absolutely his cause of action, he is not the real or any other party *in interest*; therefore, the section makes it *imperative* that the assignee be substituted; and this of course takes away the discretion in section 121.—REP.

to proceed to trial, and possibly can do so with success, it is not easy to understand. It is not by any act of his, that Mrs. Emerson now owns the right of action. And on what principle any other judgment than one in the nature of a *non pros.* can be rendered, is not apparent. And whatever the practice of the court of chancery was, even that cannot now be entertained in a case like the present, if section 121 is to be construed and applied according to the natural and obvious meaning of its language. (5 *Duer's R.*, 604; 1 *Bosw. R.*, 600, 601.)

The rule of reference will be vacated, and the motion in other respects denied.