### BERLS *v.* METROPOLITAN EL. R. Co. *et al.*

*(Common Pleas of New York City and County, Special Term.* April, 1891.)

1. REFERENCE—DEATH OF ONE OF SEVERAL REFEREES.
    Where a cause is referred by consent to three designated referees, and one of the referees dies after the final submission of the cause, but before a decision is reached, the reference is *ipso facto* terminated.

2. SAME—FILING REPORT—NEW SUBMISSION.
    After the death of one of three referees to whom a cause was referred by consent of parties, a stipulation was entered into that the two surviving referees might render a decision and sign findings, etc., with the same effect as the three referees originally appointed might have done. *Held,* that such stipulation constituted a new submission of the matter; and the 60 days after final submission within which the report is required by Code Civil Proc. N. Y. § 1019, to be filed, begins to run from the time such stipulation was entered into.

At chambers.

Action by Robert Berls against the Metropolitan Elevated Railroad Company and another. Plaintiff moves to vacate the report of the referees to whom the cause was referred.

*Peckman & Tyler,* for plaintiff. *Davies, Short & Townsend,* for defendants.

BOOKSTAVER, J. The issues in this action were referred to Messrs. Andrew H. Green, Dwight H. Olmstead, and Edward C. Donnelly, by order entered on stipulation. The action was tried in November, 1890, and on the 1st of December the referees fixed the 15th of that month for the submission of briefs and findings, and they were submitted about that day. Before the referees had come to any determination, and on the 4th of January, 1891, Mr. Donnelly died. Thereafter, and on the 4th of February, 1891, the following stipulation was entered into between the parties:

"*Robert Berls* v. *The Metropolitan Elevated R. R. Co. et al.*

"Edward C. Donnelly, one of the referees appointed herein to determine the issues in this action, having died, it is hereby stipulated by and between the parties to this action that the surviving referees may render a decision and sign findings and a report herein, which shall have the same force and effect in all respects as if the same had been rendered and signed by the three referees originally appointed herein.

"*Dated New York, January* 7th, 1891."

"On February 20th the referees sent a written decision to the attorneys of both parties, as follows:

"*Robert Berls* v. *The Metropolitan Elevated R. R. Co. et al.*

"The evidence in this action, in our opinion, not entitling the plaintiff to the relief demanded in the complaint, it is dismissed on the merits, with costs.

"*Dated February* 20th, 1891.

"*To Messrs. Davies, Short & Townsend, Defendants' Attorneys, and Messrs. Peckham & Tyler, Plaintiff's Attorneys.*

    [Signed]               "ANDREW H. GREEN.
                                  "DWIGHT H. OLMSTEAD."

Immediately on the reception of this decision, but not before, plaintiff's attorneys served a notice upon the referees and defendants' attorneys that they elected to regard the reference at an end, because the case was not decided within 60 days from December 15, 1890. The question presented for determination under the state of facts is whether the 60 days should be computed from the 15th of December, 1890, or from the 4th of February, 1891, when the final submission was made and filed with the referees. Section 1019 of

the Code provides that "upon the trial by the referee of an issue of law, or where a reference is made as described in section 1015 of this act, the referee's written report must be either filed with the clerk, or delivered to the attorney for one of the parties, within sixty days from the time when the case or matter is finally submitted; otherwise, either party may, before it is filed or delivered, serve a notice upon the attorneys for the adverse party that he elects to end the reference. In such a case the action must thenceforth proceed as if the reference had not been directed, and the referee is not entitled to any fees." In this case the reference was not compulsory, but was made upon the written stipulation of the parties, selecting three referees by name to hear and determine the issues. The consent was predicated upon the expectation that the three referees would hear proofs, and would all participate in the decision. Mr. Donnelly died before any determination whatever was arrived at. His death, on the 4th of January, 1891, *ipso facto*, vacated and terminated the original reference. *Devlin* v. *Mayor, etc.*, 62 How. Pr. 164, where Hon. CHARLES P. DALY, then chief judge of this court, said: "Where a case is referred by consent of parties, and a referee dies, it puts an end to the reference, because the extent of the consent is that the cause may be tried and decided by the particular person whom they have agreed upon as referee." See, also, *Emmet* v. *Bowers*, 23 How. Pr. 300; *Townsend* v. *Insurance Co.*, 33 N. Y. Super. Ct. 130.

In this case, instead of one, three referees were agreed upon, and it was intended that all should participate in the decision. It is not like the case of a board of public officers, where a majority may act. The reference having terminated, of course the surviving referees could have done nothing thereafter which would be binding upon the parties. I think, therefore, that the stipulation of February 4, 1891, was in legal effect a new submission of the case to the surviving referees, and that the cause was not finally submitted until that time. I cannot agree with the plaintiff's contention that the stipulation related back to the time of the first submission, because, if it did that merely, it could not have revived that which had been terminated by the death of Mr. Donnelly. It cannot operate backwards. Besides, it would be unreasonable to presume that the parties to the stipulation contemplated, when the same was filed with the referees on the 4th of February, that a decision must be rendered within 9 days from that date, because, if the final submission was on the 15th of December, the 60 days would have expired on the 13th of February. But there is another view to take of this case. It is clear that, between the death of Mr. Donnelly and the filing of the final submission, the surviving referees could not have acted in any way. The month which intervened between his death and the filing of the stipulation ought not to be regarded in computing the 60 days. Therefore the notice to terminate the reference was prematurely given. Then, too, if plaintiff's contention is sound, he did not promptly avail himself of his right to terminate the reference, but waited until after the decision had been announced; and I do not think that he should, under the circumstances, be allowed to avail himself of a technical irregularity, if there was one, nor to have two chances to try his action, especially where it is not claimed that the decision of the referees as made is not in accordance with the facts and the law of the case. The motion will therefore be denied, with $10 costs.