ERNEST J. LECOCQ, RESPONDENT, *v.* AUGUSTE POTTIER, AS EXECUTOR OF JULES LECOCQ, DECEASED, APPELLANT.

*Decedents's estates — a reference of a disputed claim — the effect of referring it, before decision, to another referee against the objection of a party to the proceeding.*

A claim of Ernest J. Lecocq against the estate of Jules Lecocq having been disputed by the executor, Auguste Pottier, the matter was referred. For a failure to prosecute a motion was made to dismiss the proceeding, and an order was thereupon made denying the motion, referring the matter to another referee in place of the first-named one who had declined to act, and further directing that the evidence taken by the former referee should be received and considered as if it had been given upon the new reference, and that all such evidence should stand.

The claimant appealed from the order.

*Held*, that it was improper.

That the motion to dismiss should either have been granted or denied.

That as such a reference could only be had in the first instance by consent, the court had not power of its own motion to appoint another referee against the wishes of the claimant.

That it was not just to the claimant nor proper to order, against his objection, that the proofs and testimony taken before the former referee should be considered and received on the hearing before the new referee.

APPEAL by Auguste Pottier, as executor of Jules Lecocq, deceased, from an order of the Supreme Court, dated on the 27th day of May, 1892, denying a motion made by the executor to dismiss a proceeding relative to a claim against the estate of Jules Lecocq for want of prosecution, and appointing William P. Prentice a referee therein in place of John M. Bowers.

The proceeding arose out of a claim of Ernest J. Lecocq against the estate of his father, Jules Lecocq, which was disputed by the executor of the estate, Auguste Pottier, and was referred in the usual manner.

*Benjamin T. Kissam,* for the executor, appellant.

*Brownell & Lathrop,* for intervening legatees, appellants.

*Edmond Huerstel,* for the respondent.

O'BRIEN, J.:

This proceeding arises out of a claim made against an estate which was referred to a referee. Upon failure to proceed with the reference a motion was made to dismiss, which was granted. Subsequently the claimant moved to open the default, which was allowed upon terms. Upon the ground of the claimant's failure to proceed with the reference as required by the order opening the default, a second motion was made to dismiss the proceedings and upon such motion an order was made "denying said motion and referring this proceeding to William P. Prentice, as referee, in place and stead of John M. Bowers, who has declined further to act; the referee, Prentice, to proceed to the hearing and determination of this proceeding with all convenient speed, and that the proofs and testimony heretofore taken before the said John M. Bowers shall be considered and received on the hearing and trial before said referee, Prentice, with same force, virtue and effect as if they had originally been taken before him herein, and that all the evidence heretofore taken in this matter stand and be received by the said referee, Prentice, in the trial to be had on this proceeding before him."

This appeal is taken from the foregoing order. The excuse offered for a failure to proceed was that the referee declined to act; and it was, no doubt, as the result of this statement contained in the opposing affidavits that the judge proceeded to appoint another referee and gave the further directions contained in the order appealed from. We think, however, that in this the learned judge exceeded his power.

The motion before him was one to dismiss the proceeding for failure to prosecute, and this, we think, should either have been granted or denied. This would have left the parties in such position

that if, as a matter of fact, the referee declined to proceed either party could have moved to discharge the referee and for the' substitution of another in his place. It must be remembered that in cases of this kind a referee can only be appointed by consent of parties; and the case of *Emmet* v. *Bowers* (23 How. Pr., 300), supports the view that where a referee so appointed refuses to proceed the parties are relegated to their original status and have the right to consent to a new referee or be heard by a jury.

The case of *Masten* v. *Budington* (18 Hun, 105), holds that where, upon appeal to the General Term from a judgment entered upon the report of a referee appointed to determine the validity of a claim against the estate of a deceased person, the judgment is set aside and the order of reference vacated, the court at Special Term has power to refer the case to a new referee to hear and determine.

In this proceeding, however, no motion was regularly made to vacate, nor was the order of reference vacated; but, upon a motion to dismiss for want of prosecution, upon an intimation that the referee appointed by consent of the parties had declined to act, the court, of its own motion, vacated the order of reference and appointed a new referee, not only without the consent, but in direct opposition to the wishes of certain of the parties to the proceeding. This, as we have said, we do not think the court had power to do, nor can we find any sanction for the direction in the order, " that the proofs and testimony heretofore taken " before the referee " shall be considered and received on the hearing " before the new referee.

In *Maicas* v. *Leony* (113 N. Y., 621), the court, in commenting upon a similar direction in an order, says: " The provision in the order that the evidence already taken may, by consent of both parties, be read before the new referee, does not give the defendant all he is entitled to, and secure all his substantial rights. The plaintiff may withhold his consent, and then his evidence cannot be read, and the new referee will not have the benefit of seeing and hearing the witnesses."

The direction in this order is more objectionable than the one commented upon in the case above referred to, for the reason that it was inserted, not only against the consent, but in opposition to the defendant's wishes.

We think, therefore, that the order appealed from should be modified by striking all provisions therefrom except that which denied the motion to dismiss, and, as so modified, the order should be affirmed, without costs.

VAN BRUNT, P. J., concurred.

Order modified as directed in opinion, and as modified affirmed, without costs.