HARRY L. WILLIAMSON, Respondent, *v.* LEWIS V. F. RAN-DOLPH, as President of the Consolidated Stock and Petroleum Exchange of New York, Appellant.

*Williamson* v. *Randolph,* 111 App. Div. 539, affirmed.
(Argued June 5, 1906; decided June 19, 1906.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 9, 1906, which affirmed an order of Special Term restoring the above-entitled case to the Special Term calendar.

The following questions were certified:

"I. When a justice of the Supreme Court has been designated and has actually begun to sit in the Appellate Division before he has settled and signed a formal decision in writing and a judgment in an action, all of the issues of fact and of law in which have been tried before him at Special Term, but after his opinion has been handed down, specifically announcing his rulings on the facts and the law, and directing judgment for the defendant, with costs, and the submission of findings upon notice; and when such justice has refused to settle and sign such a decision and judgment, for alleged lack of power, under the Constitution, due to such designation, has the plaintiff in such action, whose right to relief therein is denied in said opinion, an absolute right to a new trial, without terms or conditions, solely by reason of such designation and refusal?

"II. Has the Supreme Court, or a justice thereof, in granting an application for a new trial, made by the plaintiff in an action (all of the issues of fact and of law in which have been tried at Special Term before a justice of said court, who has handed down his opinion directing judgment for the defendant, with costs, and the submission of findings on notice, but thereafter and before settling and signing a decision in writing and a judgment, has been designated and has actually begun, to sit in the Appellate Division, and consequently has refused to settle and sign such a decision and judgment for alleged lack of power under the Constitution), any power to impose the condition that such new trial be had upon the minutes of the former trial before such justice, either alone or with such additional evidence as the parties may introduce upon such new trial?"

*William V. Rowe* and *William F. Corliss* for appellant.

*Flamen B. Candler* for respondent.

Order restoring cause to calendar affirmed, without costs, but with disbursements, but first question certified answered in the affirmative, second in the negative; no opinion.

Concur: CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, WERNER, HISCOCK and CHASE, JJ. Not voting: O'BRIEN, J.