Jay N. Ostrander, Appellant and Respondent, *v.* The State of New York, Respondent and Appellant.

1. Court of Claims — Must State Separate Findings of Fact and Conclusions of Law in Making a Decision upon the Trial of Issues of Fact — *Construction of Statutes Requiring Courts to Make Findings*. In rendering a decision upon the trial of issues of fact, the Court of Claims is required to state separate findings of fact and conclusions of law in conformity to the practice of the Supreme Court, as prescribed by section 1022 of the Code of Civil Procedure. The Court of Claims, as now existing, had not been created at the time of the enactment of the statute (Code Civ. Pro. § 3347, subds. 4 and 7) specifying and enumerating the courts required to comply with the provisions of section 1022, but was subsequently established and statutes enacted (L.

1897, ch. 36, as amd. by L. 1906, ch. 692; section 265 of the Code of Civil Procedure) relating thereto and providing that " The court may establish rules for its government, and the regulation of practice therein; prescribe the forms and methods of procedure before it  *  *  *  and except as otherwise provided in said rules and regulations, or the Code of Civil Procedure, the practice shall be the same as in the Supreme Court." Therefore these later provisions should be given controlling effect over the earlier provisions of section 3347 and the same practice should be pursued in the Court of Claims, in respect to findings, as in the Supreme Court.

2. SAME — JUDGMENT ENTERED UPON INCOMPLETE FINDINGS BY COURT OF CLAIMS — WHEN COURT OF APPEALS MAY INFER OR ASSUME ADDITIONAL FINDINGS SUFFICIENT TO SUSTAIN THE JUDGMENT.   Where the Appellate Division has unanimously affirmed a judgment entered upon a decision of the Court of Claims, the Court of Appeals may assume that the findings made by the Court of Claims were supported by the evidence. Where it appears, however, that such findings are incomplete and do not sustain the judgment, but there is evidence which would have warranted the Court of Claims in making findings, in addition to those made, which would be sufficient to sustain the judgment, it is the duty of the Court of Appeals to infer or assume such findings in support of the judgment.

*Ostrander* v. *State*, 126 App. Div. 938, affirmed.

(Argued June 1, 1908;  decided September 29, 1908.)

CROSS-APPEALS from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 5, 1908, which affirmed a judgment in favor of plaintiff entered upon a decision of the Court of Claims.

The nature of the claim and the facts, so far as material, are stated in the opinion.

*William S. Jackson*, *Attorney-General* (*George P. Decker* of counsel), for defendant, respondent and appellant.   The judgment of the Court of Claims must be supported by its findings of fact or fall, and the findings here do not support the judgment.  (*O'Donnell* v. *City of Syracuse*, 184 N. Y. 1; *Crowley* v. *State*, 112 App. Div. 872; *Stone* v. *State*, 138 N. Y. 124.)

*George F. Thompson* for plaintiff, appellant and respondent.   The state is liable on the facts for all the damage caused

claimant by the flood poured on his farm.  (*Sipple* v. *State*, 99 N. Y. 284; *Heacock* v. *State*, 105 N. Y. 246; *Jewett* v. *Hughes*, 67 N. Y. 267; *Brown* v. *Bowen*, 30 N. Y. 519; *Engott* v. *Mayor, etc.*, 96 N. Y. 264; *Leonard* v. *N. Y. Tel. Co.*, 41 N. Y. 544; *Chipman* v. *Palmer*, 77 N. Y. 51; *Sammons* v. *City of Gloversville*, 175 N. Y. 346; *O'Donnell* v. *Syracuse*, 184 N. Y. 1; *Morritt* v. *Earl*, 29 N. Y. 115; *Mynard* v. *Syracuse*, 71 N. Y. 180.)

Hiscock, J.  The claimant filed a claim against the state for the sum of $2,025, damages claimed to have been sustained from flooding of waters negligently permitted to escape from a canal feeder in the county of Genesee.

On the trial it was in substance found that his damages resulted only in part from such flooding, the balance of his injury being caused by heavy rains, and a judgment was rendered in his favor in the sum of $240.

Neither party is satisfied with the result.  The claimant insists that all of his damages were caused by the escape of waters from the feeder.  The state claims that there was no sufficient evidence proving that the canal waters alone caused damages to the extent awarded.

We think in opposition to the claim of both parties that the judgment was permissible and should be affirmed.

The first question which is presented for our consideration is one of practice, and it is whether the Court of Claims is required to state separate findings of fact and conclusions of law in conformity to the practice of the Supreme Court. The court did purport to do something of this nature, but the findings are so incomplete that it would seem as if it must have been under the impression that it was not obliged to make them.  If it did entertain this impression we think that it was in error and that the Code of Civil Procedure does require such findings and conclusions.

Section 1022 contains the general provision that "The decision of the court or the report of a referee upon the trial of the whole issues of fact must state separately the facts

27

found and the conclusions of law, and direct the judgment to be entered thereon, which decision so filed shall form part of the judgment roll." Subdivision 7 of section 3347 of the Code specifies by reference to subdivision 4 of the same section the courts to which the article including section 1022 shall apply and this enumeration does not include the Court of Claims.

It is to be borne in mind, however, that when this section was adopted the Court of Claims as now existing had not been created. Subsequently such court was established and section 265 of the Code adopted relating thereto and providing that, " The court may establish rules for its government, and the regulation of practice therein; prescribe the forms and methods of procedure before it," etc. (Laws 1897, chap. 36.) Still later, but before the trial of this case, said section was amended so as to read " except as otherwise provided in said rules and regulations, or the Code of Civil Procedure, the practice shall be the same as in the Supreme Court." (Laws 1906, chap. 692.)

We think that these later provisions should be given controlling effect over the earlier provisions of section 3347 and that the same practice should be pursued in respect to findings as in the Supreme Court.

If the Court of Claims were not required to make findings then there would result a condition which would be either very anomalous or else very unjust and burdensome to litigants.

If findings were not required then it might be urged that subdivision 4 of section 191 providing that " No unanimous decision of the appellate division of the Supreme Court that there is evidence supporting or tending to sustain a finding of fact * * * shall be reviewed by the court of appeals," was not applicable, and that therefore this court could be compelled to give that examination to the evidence in cases in the Court of Claims which it is prohibited from giving to evidence in cases tried in the Supreme Court and other courts. If on the other hand it should be held that

such subdivision 4 of section 191 was applicable to a judgment of the Court of Claims entered without findings, then it would very often happen that litigants would be prevented from raising many questions in this court on a consideration of the findings, which they may present on appeal from judgments of other courts entered on findings.

Whatever authority there is sustains our view. In *Yaw* v. *State of N. Y.* (127 N. Y. 190) the court had occasion to consider the statute regulating the practice of the Board of Claims that, " Upon the hearing of all claims before the board, the rule of evidence now prevailing in the courts of record of this state shall be observed, and the practice upon such hearing of claims and taking appeals from the final order or award made therein shall conform, as near as may be, to the practice now prevailing in the Supreme Court of this state, upon the trial of actions and upon appeal," and it was held under this statute that the decision of the Board of Claims, among other things, should separately state the facts found and the conclusions of law pursuant to the practice in the Supreme Court.

In the recent case of *Spencer* v. *State of New York* (187 N. Y. 484), we in effect commended the general rule that it was wise where permissible to make the rules of practice in the Supreme Court " applicable to so important a tribunal as the Court of Claims and thereby increase the formality and regularity of its proceedings."

Holding, therefore, that it was necessary for the court to thus separately state findings of fact and conclusions of law, we are confronted with the contention by the learned attorney-general that those which were actually stated by it are not sufficient to sustain the judgment and that there was not sufficient evidence to warrant findings which would sustain it. The important respect in which he claims that both the findings and testimony are deficient is in establishing that the flooding of the canal waters as distinguished and separated from the rains, caused damages to the amount awarded by the judgment.

In view of the unanimous affirmance by the Appellate

Division we are, of course, entitled to assume that whatever was found was supported by evidence. After doing this, however, it is very clear that the findings as made do not sustain the judgment. There is no express finding of negligence by the state or of the precise amount of damages sustained by the claimant and no findings as to other less important details which naturally should have been covered by findings. We think, however, that there was evidence which would have warranted the court in making findings in addition to those made which would be sufficient to sustain the judgment, and this being so, it is our duty to infer or assume such findings in support of the judgment. (*Oberlander* v. *Spiess*, 45 N. Y. 175 ; *Hays* v. *Miller*, 70 id. 112 ; *Meyer* v. *Lathrop*, 73 id. 315.)

Coming to the appeal of the claimant, we do not think that any such errors were committed to his prejudice as entitles him to have the judgment reversed. He submitted a long list of requests to find facts and make conclusions of law, many of the former simply embodying statements of evidence. The court apparently passed on none of these requests, but the only exception taken was one general exception " to the refusal of the court to find the first thirty-one requests to find facts and also the first seventeen requests to find conclusions of law." The court was not compelled to find as requested in many instances, and the exception was not well taken.

It is also urged that improper evidence was allowed with reference to the prevalence of heavy rain storms at some distance from claimant's farm. While this evidence may have been somewhat remote, we do not think that it was incompetent or inadmissible as matter of law.

The judgment should be affirmed, without costs to either party as against the other.

CULLEN, Ch. J., GRAY, HAIGHT, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment affirmed.