nor by amendment or agreement on the trial; and especially should such a grave matter not be disposed of except by a fair trial of an issue raised of it; secondly, no estoppel was proved; and, third, no such rule of estoppel was applicable to the case, or, indeed, to any case to obtain a judgment that a marriage is void ab initio by reason of a former spouse living, when it is found that the marriage was void; it only applies where the marriage is found to be voidable.

(128 App. Div. 756.)
### HOUSE v. LEHIGH VALLEY R. CO.
(Supreme Court, Appellate Division, Third Department. November 11, 1908.)

1. MASTER AND SERVANT (§ 198*)—RAILROADS—FELLOW SERVANTS—SECTIONMAN AND OPERATOR.

> An operator and a sectionman are fellow servants as to any negligent failure of the operator to inform the section foreman of a scheduled train which afterwards struck the sectionman.

> [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 495; Dec. Dig. § 198.*

> For other definitions, see Words and Phrases, vol. 3, pp. 2716–2730; vol. 8, p. 7662.]

2. MASTER AND SERVANT (§ 198*)—RAILROADS—FELLOW SERVANTS—SECTION FOREMAN AND SECTIONMEN.

> The negligent failure of a section foreman to inform one of his sectionmen of a scheduled train which afterwards struck such sectionman was the act of a fellow servant.

> [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 495; Dec. Dig. § 198.*]

> Kellogg, J., dissenting.

Appeal from Trial Term, Chemung County.

Action by Chauncey House against the Lehigh Valley Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, and COCHRANE, JJ.

Diven & Diven (Eugene Diven, of counsel), for appellant.

Sherman Moreland (Richard H. Thurston, of counsel), for respondent.

SMITH, P. J. This judgment has charged the defendant with a breach of its duty in failing to provide the plaintiff with a safe place to work. The plaintiff was one of four sectionmen under a section foreman. Upon the morning of the 30th day of January, 1903, while at work upon a bridge upon the defendant's line, he was struck by one of the defendant's trains and severely injured. He was at work upon this bridge in due course of his employment, and this train was one that had been delayed about 11 hours by reason of having jumped the track at a point westerly of this bridge. A rule of the company required the track foreman to ascertain at the nearest telegraph office what extra or special trains were scheduled. Of the regular trains they had due notice. Upon the morning in question the foreman had applied to the telegraph operator at Swart-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

wood, who had communicated with the train dispatcher. The evidence of the foreman is to the effect that the telegraph operator, after having communicated with the train dispatcher, told him that there was nothing extra scheduled for that day. The evidence of the operator is to the effect that he told the foreman that train 326 was in the ditch, and that the engineer had his leg broken. The train 326 was the train by which the plaintiff was afterwards struck. Here was a question of veracity between the foreman and the operator, and the question was submitted to the jury as to whether the operator negligently failed to inform the foreman of the fact that this train had been ditched and thereby delayed; the court charging the jury that the negligence of the operator, if such were found, was the negligence of the defendant, for which a recovery could be had. To this charge an exception was duly taken.

I am unable to distinguish this case from the case of Slater v. Jewett, 85 N. Y. 61, 39 Am. Rep. 627. In that case a telegraph operator had failed to give notice to an engineer of a train, to whom he was required by the rules of the company to give notice as to the running of the train. By reason of that negligence a collision occurred, in which an employé upon the train was injured. It was held that the negligence of the operator was the negligence of a fellow servant, and that the defendant was not liable therefor. While this case has been at times distinguished, it has never been overruled, and is, I think, a controlling authority in the case at bar.

The respondent contends that, if this be error, it is harmless, because of the admission in the appellant's brief that the foreman's negligence caused the injury. It is claimed that the foreman is the vice principal for the purpose of providing a safe place to work for the sectionmen and of warning them of known dangers. The answer to this contention would seem to be that, if the act of the telegraph operator in failing to give information to the foreman be the act of a fellow servant, it must be that the act of the foreman in failing to give the information of the danger to the section hand is also the act of a fellow servant. In other words, every reason for holding that the giving of the information by the operator to the foreman is a matter of "executive detail" exists for holding that the giving of the information by the foreman to the section hand is a matter of "executive detail." It follows that the judgment and order must be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment and order reversed and new trial granted, with costs to appellant to abide event. All concur, except KELLOGG, J., dissenting in opinion, and SEWELL, J., not sitting.

JOHN M. KELLOGG, J. (dissenting). The train dispatcher, who was performing a master's duty, negligently informed the operator that the train which had not passed was in the ditch and the engineer had a leg broken. The train was derailed the night before. In fact, at the time this message was sent, the train or a part of it was upon the track already in progress toward the scene of the accident, or was upon the track about to start. The train dispatch-

er knew, or should have known, the situation. His answer to the question induced the plaintiff to put himself upon the bridge where he could not escape. Upon the conceded facts, I think there was a violation of the master's duty. Whether the telegraph operator communicated the information that the train was in the ditch and the engineer with a broken leg, or that no train was coming, is quite immaterial because the answer from the train dispatcher was only important as indicating that the track was clear. The question to the train dispatcher and his answer to it must be read together. Whichever way the communication came from the telegraph operator, I think it was in substance the information sent from the train despatcher, and that the master is responsible for the information which caused the plaintiff to put himself in a place of danger. The criticism is made that the charge to the jury did not indicate that negligence might be predicated upon the fact that the train dispatcher sent a negligent message which caused the injury, but all presumptions are in favor of the verdict, and, if the jury have decided the case right, it ought not to be reversed because the judge did not submit it to them as fully as he should have done. It is a technicality purely to say that the verdict is based upon the negligence of the telegraph operator, and not upon the negligence of the train dispatcher, when, in fact, the telegraph operator in substance communicated the information which the train dispatcher gave him. In Ostrander v. State (decided by the Court of Appeals September, 1908, and not yet officially reported) 85 N. E. 668, it was held that where findings of fact omit a material fact, if the evidence shows the existence of the fact, the court may imply a finding upon which the judgment may stand. The same doctrine should apply more liberally to the verdict of a jury, and a correct verdict in a case free from all valid exceptions ought not to be reversed because of the failure in the charge to point out every ground upon which the defendant's negligence may be predicated. I think the evidence fully sustains the recovery.