(151 App. Div. 810.)

SMITH v. STATE.

(Supreme Court, Appellate Division, Third Department. June 27, 1912.)

1. BRIDGES (§ 41*)—CONSTRUCTION AND MAINTENANCE—NEGLIGENCE.

Where the state maintained a highway bridge over the Erie Canal, so constructed that the highway without any sidewalk was wider than the bridge, and an open unguarded space of 4 feet 7 inches was left be-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tween the sidewalk fence and the railing on the north side of the bridge, through which intestate, while attempting to cross the bridge at night, passed and fell to the towpath underneath, such facts were sufficient to warrant a finding that the bridge was negligently maintained.

[Ed. Note.—For other cases, see Bridges, Cent. Dig. §§ 54, 80, 81, 87; Dec. Dig. § 41.*]

2. DEATH (§ 75*)—DEFECTIVE MAINTENANCE—INJURIES TO TRAVELERS—SUBSEQUENT DEATH—CONTRIBUTORY NEGLIGENCE.

A bridge over the Erie Canal was negligently maintained by the state with an opening 4 feet 7 inches wide between the fence on the north side of the approach and the railing of the bridge. There was a stone abutment laid up to nearly level with the higher part of the highway or approach to the bridge, which, after it was constructed, had been raised, and the approach filled in with dirt, a little higher than the concrete coping or abutment, leaving a descent from a part of the approach over 9 feet above the towpath, and without any sidewalk leading along the approach onto the bridge. Decedent was seen walking at night toward the bridge in no apparent haste, going home in a natural manner. There was no evidence that he had been drinking or engaged in any improper conduct, and in less than eight minutes he was found near the towpath, directly under the opening in the fence or barrier, with a broken leg, from which injury he subsequently died. *Held* sufficient to make a prima facie case of decedent's freedom from contributory negligence.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 93, 95; Dec. Dig. § 75.*]

Smith, P. J., and Lyon, J., dissenting.

Appeal from Court of Claims.

Claim by Savilla I. Smith, as administratrix of Christopher Smith, deceased, against the State of New York. From a judgment of the Court of Claims, dismissing plaintiff's claim, she appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

John F. Murray and William H. Murray, both of Troy (John H. McMahon, of Watervliet, of counsel), for appellant.

Thomas Carmody, Atty. Gen. (Wilber W. Chambers, Deputy Atty. Gen., of counsel), for the State.

BETTS, J. The Erie Canal runs north and south in the city of Watervliet. Seventh street, between Second and Third avenues, crosses over this canal by a bridge and the approaches thereto. The bridge is about 15 feet in width. The highway approaching the bridge from the west is wider than the bridge. Underneath the west end of the bridge is the towpath of the canal. A board fence on the north side of the western approach to the bridge approaches to within about 4 feet 7 inches of the railing on the north side of the bridge, where there is an open, unguarded space. There is a stone abutment laid up to nearly level with the higher part of the highway or approach to the bridge. Some years ago this abutment, with concrete coping on the top, was some little higher than the adjacent part of the highway; but it was found that the bridge was too low, interfering with loads of baled hay on canal

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

boats, so the bridge was raised to adapt it to these conditions, and the approach was filled in with dirt, a little higher than the concrete coping or abutment. The abutment or coping was not raised. This left a descent from a part of the approach to the bridge from the north to this concrete coping on the abutment. This coping was something over 9 feet above the towpath at the bridge. There is no sidewalk upon either side of the approach to the bridge. Pedestrians and horses use the entire width of the approach. The defendant built and maintains the bridge and its approaches.

Upon the night of the 4th of June, 1910, plaintiff's intestate, Christopher Smith, was seen coming up the avenue on the westerly side of the approach and turning into Seventh street, on the north side of that street, and going towards the bridge. This was about 10 or half past 10 o'clock at night. There was no light upon the bridge. Mr. Smith was seen by at least two persons traveling slowly, in a natural way, towards the east towards the bridge. There was a street lamp in Third avenue, which was burning very dimly, apparently—simply a red spark, as it was described. Some light was also furnished from a store window. The witnesses lost sight of Smith when he was apparently 20 feet, more or less west of the bridge and on the north side of the approach, going towards the bridge, and only a few feet from this unprotected abutment, between the fence and the west side of the north framework of the bridge.

Within about eight minutes after the last witness saw him, this witness heard that there was an accident, and, going around to the south side of and under the bridge, he found that Mr. Smith had been carried by some persons, who had previously found him from the north side at the bottom of the abutment to the south side of the bridge on the towpath, and that his leg was broken, and that he was seriously hurt. To the persons whom Smith had summoned for help, he said that he could not stand, because his leg was broken. No one discovered or testified to any evidence of drinking or improper conduct on Smith's part. Smith lived near this place and was accustomed to crossing this bridge for many years. He was taken to the hospital. As a result of this injury, Smith died on June 11th of blood poisoning.

The claimant proved substantially these facts and rested. The court found (as conclusions of law):

"(1) The state was guilty of negligence in the construction and maintenance of the bridge and its approaches.

"(2) Claimant has failed to show that the decedent was free from contributory negligence.

"(3) The claim should be dismissed."

From the dismissal of the claim, entered upon these findings, the claimant appeals.

[1] I agree with the court that the approach of the bridge was negligently maintained by the defendant. I do not agree with its other conclusions of law.

[2] The rule as to claims where the injury resulted in death,

with no eyewitnesses of the immediate accident, is relaxed as to what must be proven by a claimant to show freedom from contributory negligence on the part of the deceased, although some proof of freedom from contributory negligence must be shown. Harrison v. New York Central, etc., 195 N. Y. 86, 87 N. E. 802. Certainly the claimant could not, without eyewitnesses, show anything more natural, more careful and prudent, as to the conduct on the part of Christopher Smith on his approach to this bridge than was shown. He was in no apparent haste, and no reason was shown for haste. He was going home in a natural manner. He was found in a very few minutes (less than eight) from the time that he was last seen, as has been shown. He was seen about 20 feet from the bridge. Almost directly thereafter he was calling for help, lying with a broken leg by the towpath directly under this place, where there was no fence or barrier to prevent his falling. He must have fallen down that place.

There was a sort of path that led near the concrete coping on the top of the abutment, and it is very evident that he must have fallen off that place. He could not well have fallen from the bridge, on account of the railings. If he had got only a short distance on the bridge, he would have fallen into the canal, instead of on the towpath. He could not have moved himself from any other place on account of his broken leg, which did not permit him to even stand up.

The claimant had evidently shown everything that it was possible to show in the absence of an eyewitness, and I think she had shown sufficient to warrant a finding that the plaintiff's intestate was free from contributory negligence under the rule as laid down, where a person injured died prior to trial, with no actual witnesses at the precise time of the accident.

It follows that the judgment of the Court of Claims should be reversed, and a new trial granted to claimant, with costs to abide the event. All concur, except SMITH, P. J., and LYON, J., who dissent.