WILLARD BARTLETT, Ch. J., CHASE, COLLIN, HOGAN, MILLER and CARDOZO, JJ., concur.

Order affirmed.

———————

SAVILLA F. SMITH, as Administratrix of the Estate of CHRISTOPHER SMITH, Deceased, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

Board of Claims — commissioner thereof who did not hear witnesses on case cannot decide the case or take part in its decision — decision must be authenticated by signatures of commissioners taking part therein.

1. While the Board of Claims is not in the strict sense a court, its functions are judicial. Under the statute (Code Civ. Pro. § 265) and its own rules the practice of the board is the same as that in the

Supreme Court, which gives a litigant the right to have the case determined by the same judge who heard the testimony. This is also a fundamental right secured, at least in cases in the Supreme Court, by the Constitution of the state (Art. 6, § 3) and the Judiciary Law (Cons. Laws, ch. 30, § 22). Hence a commissioner, who did not become a member of that board until the evidence upon a claim had been heard and the case submitted, has no authority to decide the case or take part in its decision.

2. Where it appears from the record that a decision and an altered decision were made by a commissioner who had not heard the witnesses, such decisions embodying findings of fact and conclusions of law, which in each instance are followed by the word " found " and the initials of such commissioner, and where the decisions are not subscribed either by that commissioner or by any of his associates, they are not in the form essential to the entry of a judgment (*Smith* v. *Geiger*, 202 N. Y. 306, followed), and a judgment entered thereon should be reversed.

3. Since the statute provides (Code Civ. Pro. § 263) that two commissioners are a quorum for the transaction of business, and it appears that this case has been twice tried and remains undecided, and that two of the commissioners who heard it are yet in office, it should be remitted to the board for decision by the commissioners qualified to act.

*Smith* v. *State of New York*, 161 App. Div. 906, reversed.

(Argued December 9, 1914; decided February 5, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 12, 1914, affirming a determination of the Board of Claims in favor of the claimant.

The nature of the claim and the facts, so far as material, are stated in the opinion.

*James A. Parsons, Attorney-General* (*Wilber W. Chambers* of counsel), for appellant. The decision was made by a commissioner who took no part in the trial and was not a member of the Board of Claims at the time of the trial. It is well settled that a case cannot be tried by one judge and decided by another. (*Belmont* v. *Ponvert*, 3 Robt. 693, 696.) The court which tried the case is required to file a decision in writing; in other words, a

judge who has not participated in a trial has no authority whatever to make the decision when the trial was had by another judge.  (Code Civ. Pro. § 1010.)

*John F. Murray* and *William H. Murray* for respondent.  The claim was heard and properly determined by the Board of Claims.  (*People ex rel. Swift* v. *Luce,* 204 N. Y. 478.)

Cardozo, J.  The claim is for the damages which the wife and children of Christopher Smith have suffered through his death.  The state is charged with having caused his death by its negligent maintenance of a bridge over the Erie canal.  There have been two trials.  The first, before the Court of Claims, resulted in a determination in favor of the state.  The Appellate Division reversed that determination, and ordered another hearing (151 App. Div. 811).  The second trial was before the newly constituted Board of Claims.  The evidence was heard by Commissioner Luce, the chairman of the board, and Commissioners Gardner and MacDonald.  After the case had been submitted for decision, Commissioner Luce resigned, and the Hon. John J. Rooney was appointed in his place.  Commissioner Rooney had not heard the witnesses, but he participated in the decision.  Indeed, so far as the record shows, he was the only commissioner that had anything to do with it.  The record contains a document which is styled a decision.  It embodies findings of fact and conclusions of law, which in each instance are followed by the word "found," and the initials " J. J. R."  They are not otherwise authenticated.  The decision is not subscribed either by Commissioner Rooney or by any of his associates.  A second document in the record is styled an altered decision.  It is the same as the first decision, except that it adds interest on the damages from the time of death.  It bears the same initials, and is not otherwise authenticated.  On the strength of its mandate, a judgment was entered by the clerk of the

Board of Claims, which the Appellate Division has affirmed.

The decision is not in the form essential to the entry of a judgment. It is not authenticated by the official signatures of the members of the Board of Claims. It has no other evidence of genuineness than the initials of one of the commissioners. We have held that a referee's decision is invalid when authenticated only by his initials. (*Smith v. Geiger*, 202 N. Y. 306.) We think the same rule is applicable to the decisions of the Board of Claims. Property rights of great value may be affected by its judgments. We have reason to expect that its decisions shall be authenticated with a measure of formality corresponding to their importance. We have a right to know to what extent the findings express the individual views of a single commissioner, and to what extent the judgment of the board itself. Every decision, therefore, should be signed in full, either with the individual names of a majority of the commissioners, or in the name of the board by the hand of the chairman.

In the case at bar, we are dealing, however, with something more than an informality in the manner of the signature. The initials of the one commissioner who assumed to pass upon the findings are those of Mr. Rooney, who had no authority to decide the case at all. He did not become a member of the board until the evidence had been heard and the case submitted. We think he was not at liberty to take any part in the decision. His right to do so is challenged in the state's notice of appeal. (Code Civ. Pro. section 276.) The statute provides that, except as otherwise provided by the rules of the board, its practice shall be the same as that of the Supreme Court. (Code Civ. Pro. section 265.) That the practice in the Supreme Court gives a litigant the right to have his case determined by the same judge who heard the testimony, is certain. (*Williamson v. Randolph*, 111 App. Div. 539; 185 N. Y. 603.) Indeed, the right is so

fundamental that it is secured, at least in cases in the Supreme Court, by the constitution of the state. (*Williamson* v. *Randolph, supra.*) Article 6, section 3, of the constitution provides that "the testimony in equity cases shall be taken in like manner as in cases at law." The same principle of procedure is fortified by statute. By section 22 of the Judiciary Law, Cons. Laws, ch. 30, (formerly section 46 of the Code of Civil Procedure) it is provided that "a judge, other than a judge of the Court of Appeals, or of the Appellate Division of the Supreme Court, shall not decide or take part in the decision of a question, which was argued orally in the court, when he was not present or sitting therein as a judge." (See also: Code Civ. Pro., section 3343, subd. 3.) Whether the Board of Claims has the power to provide by its rules that a commissioner who has taken no part in the hearing may join in the decision, is a question not now before us. The board is not in the strict sense a court (*People ex rel. Swift* v. *Luce,* 204 N. Y. 478), but its functions are judicial; and the requirement that witnesses shall be seen and heard by the judicial officer who is to weigh their testimony has been proved by experience to be a means so important for the ascertainment of truth as to entitle us to assume that it will not be lightly abandoned. The rules of the board evince no intent to depart from this established mode of trial, but on the contrary adopt the practice in the Supreme Court except as otherwise specially provided (Rule 1). Until a different rule has been promulgated, it is that practice which must be followed. (*Ostrander* v. *State,* 192 N. Y. 415, 419; *Spencer* v. *State,* 187 N. Y. 484.) The conclusion, therefore, is that those commissioners who heard the witnesses and those only, should have joined in the decision.

This case has been twice tried, and there would be hardship if it were tried again. We think the hardship may be avoided. The case is in the position of having

been tried but not decided. (*Smith* v. *Geiger, supra;*
*Ventimiglia* v. *Eichner,* 213 N. Y. 147.) Two of the
commissioners that heard it are yet in office, and the stat-
ute provides (Code Civ. Pr., section 263), that "two com-
missioners shall constitute a quorum for the transaction
of business." We do not assume to instruct them what
the decision shall be. They are free, until a decision has
been rendered, to exercise their independent judgment.
The duty of deciding the case has never been discharged,
and it rests with them to-day.

The judgment should be reversed, without costs to
either party, and the case remitted to the Board of Claims
for decision by the commissioners qualified to act.

HISCOCK, J. (dissenting). This proceeding was insti-
tuted to recover damages for the death of plaintiff's intes-
tate claimed to have been caused by the negligence of the
state. Thus far she has sustained a determination in her
favor on the theory that by legal findings, proper in form,
sufficient in substance and supported by necessary evi-
dence, it has been established that her intestate met his
death as the result of the negligence of the defendant and
without any negligence on his part. It seems to me that
this theory is confronted by difficulties which it cannot
survive.

There are no findings properly signed and made.

In *Ostrander* v. *State* (192 N. Y. 415) we held that on
a trial of issues of fact the Court of Claims was required
to state separate findings of fact and conclusions of law in
conformity to the practice of the Supreme Court as pre-
scribed by section 1022 of the Code of Civil Procedure.
Since that decision was made, by chapter 856 of the Laws
of 1911, section 263 and various other sections of the Code
of Civil Procedure have been so amended as to substitute
a Board of Claims for the Court of Claims. I do not find,.
however, that any such amendment of the Code has been

10

made as requires us to apply to the practice and procedure of the Board of Claims on this point any different rule than that which we applied to the Court of Claims in the *Ostrander* case. In fact section 265 remains precisely as it was written at the time of the *Ostrander* decision without even the substitution of " Board " of Claims for " Court " of Claims, and prescribes that " except as otherwise provided in said rules and regulations (to be adopted by said Court or Board), or the Code of Civil Procedure, the practice shall be the same as in the Supreme Court." It was, therefore the duty of the Board of Claims on the trial of this claim to make proper findings of fact and conclusions of law. There is a superabundance of purported findings, three sets having been made, of which two are recited to be made by " the Court  *  *  *  upon the request of the claimant," and one set recites that it was proposed by the state. None of these findings, however, appear to have been signed and made by and in the name of the Board of Claims through all or any one of its members, nor does any set appear to have been signed by all or a majority of the members of the Board of Claims. We simply find that many of the findings are separately marked " Found," " Refused," " J. J. R.," and it is assumed that the letters " J. J. R." are the intials of John J. Rooney, the chairman of the Board of Claims at the time the purported findings were made. It is so conclusively settled by this court that this was not a proper or sufficient manner in which findings should be made by said board that it is unnecessary to take time in discussing the question. (*Smith* v. *Geiger*, 202 N. Y. 306.)

But beyond the trouble just pointed out there is a still more substantial and serious objection to these purported findings and to the attempted determination of this claim. The claim in the aspect most favorable to the claimant involved close questions of fact. This is sufficiently indicated by the circumstance that on a former trial on substantially the same evidence as now presented the claim

was unanimously dismissed by the Court of Claims as unsustained by evidence.

When the present trial and submission of the claim were completed Robert L. Luce was chairman of the board and Mr. Rooney was not even a member thereof. Some time after the submission of the case Mr. Luce was appointed judge in one of the courts of New York city and Mr. Rooney was appointed chairman of the Board of Claims in his place, and without having heard the evidence or taken part in the trial of the claim, he not only took part in its decision but apparently the predominating part. Of course this was entirely improper. I know of no principle and have found no statutory provision which permitted a member of this board who had not taken part in the trial of a claim to take part in and perhaps control the decision thereof.

It seems to me that these irregularities in the findings and decision of the case call for its reversal. It is suggested that they may be cured by remitting the claim to the board for decision and determination as was done in *Smith* v. *Geiger* (*supra*). If the membership of the board were the same now as when the claim was tried this doubtless might be done. But that is not the situation. The membership has changed, and in my judgment the course of remission cannot be pursued without leading to one of two results of which both will be prejudicial to the defendant and irregular.

If the claim shall be remitted for determination and findings by the board as at present constituted then the defendant will be compelled on a printed record to submit its case for decision to a court of which one member took no part in the trial, did not hear such witnesses as were sworn and has had no benefit from the arguments and discussion which we may assume then occurred.

I do not overlook the fact that on the last trial a large part of the claimant's evidence was given by reading testimony taken on the preceding trial under a stipulation

which would have permitted the State to cross-examine the witnesses anew and which permitted the swearing of new witnesses as was in fact done. The parties of course had a right to do this. There may have been adequate reasons at that particular time which led them so to do. But because they did it then we have no right to compel them, and especially the appellant, to do it again before a different court. Whether or not this case is governed by Code, sections 46, 1, 263, the state cannot be thus compelled to submit the decision of its case to one who has not taken part in its trial. (*Le Cocq* v. *Pottier*, 65 Hun, 598, 600; *Maicas* v. *Leony*, 113 N. Y. 619, 621; *Heerdegen* v. *Loreck*, 17 App. Div. 515; *Griffin* v. *Miner*, 22 J. & S. 46.)

The other course which might be ordered on remitting a case would be that it should be decided and proper findings be made by two members of the board who were also members when the claim was tried, but this I think would be objectionable.

There is in my judgment a question whether the parties can be compelled against their protest to submit to the decision of two commissioners without the participation of a third commissioner who has taken part in the trial. Whether this is so or not, on the facts disclosed by the record and the further fact that there is a difference of opinion in this court as to whether upon the evidence a recovery in favor of the plaintiff should stand, I think that this case should not be sent back to two commissioners to make a decision. The case should go back for a new trial before the commission as now constituted and for a decision and determination by them upon the evidence so presented.

For these reasons I think that the judgment appealed from should be reversed.

WILLARD BARTLETT, Ch. J., MILLER and SEABURY, JJ., concur with CARDOZO, J.; HISCOCK, J., reads opinion dissenting in part, and CHASE and HOGAN, JJ., concur.

Judgment accordingly.