STATE OF INDIANA *v.* WRIGHT ET AL.

No. 12,978. Filed June 1, 1928. Rehearing denied August 30, 1928. Transfer denied April 25, 1929.]

*Arthur L. Gilliom*, Attorney-General, and *Connor D. Ross*, Assistant Attorney-General, for the State.
*Walker & Hollett*, for appellees.

REMY, C. J.—Action by appellees against appellant in the Marion Superior Court sitting as a court of claims. Material averments of the complaint, briefly stated, are, in substance: John D. Williams is the director of the State Highway Commission, and, as such, is authorized to contract on behalf of the State for the construction of state roads; that on January 2, 1924, Williams, for the State, entered into a written contract with appellees for the construction of a certain highway; that the contract, which is made a part of the complaint, provides that, in consideration of $62,423.35, appellees were to construct the highway according to the proposal and bond furnished by appellees, and according to the plans, specifications, profiles and drawings of the chief engineer of the commission, which plans, specifications, etc., are made a part of the contract by reference, payments on the consideration to be made as the work progressed, upon estimates, ten per cent of each estimate to be retained by appellant until final acceptance of the work and all claims had been settled; that the work to be done consisted of grading and excavating the roadway, construction of head-walls and certain concrete work; that appellee's bid was what is known as a "unit-price bid," and was based upon estimated quantities of the different classes of work proposed to be constructed, such as earth excavation, for which appellees were to be paid forty-five cents per cubic yard, "special borrow," for which they were to be paid sixty-five cents per cubic yard, and concrete work at various prices per lineal foot according to its use. Not all of the specifica-

tions are incorporated in the complaint. Those which are incorporated provide: (1) That the engineer may order changes in the plans, or in the character or quantity of the work, as he may find necessary, not to exceed twenty per cent of the contract price, the contractor agreeing to make the changes at the unit prices bid for the items involved; that work other than that provided for in the contract be performed by the contractor whenever, in the opinion of the engineer, such work is necessary, the work to be done as previously agreed upon by the contractor and the engineer; but "if no such agreement can be made, or, where the method of payment is impracticable, the director may order the work to be done" on what is termed a "force account" basis, for which work the contractor is to be paid in the following manner: For all labor and teams, "the current local rate of wage, to be agreed upon in writing before starting the work," for the time employed, plus ten per cent; for all materials furnished, the contractor shall receive the actual cost plus ten per cent; and for any machine power, tools or equipment which it may be deemed necessary or desirable to use, the contractor to be allowed "a reasonable rental price, to be agreed upon in writing before such work is begun," the compensation thus provided "shall be received by the contractor as payment in full for all extra work done on the 'force account' basis." (2) That "whenever it is necessary to obtain additional material for construction of embankments or shoulders from outside the right of way, such material shall be known as 'special borrow.'" (3) That "rock excavation shall include all boulders of over one cubic yard in volume and all forms of solid rock not included in earth excavation; if there is no bid price for rock excavation, and solid rock is encountered, it will be paid for at three times the unit bid price for earth excavation." The specification defining "earth

excavation," as that term is used in the contract, is not set forth in the complaint.

Following the specifications set out in the complaint, it is averred that the State, through the engineer of the Highway Commission made, in writing, many changes in the plans; that among others, they changed the center line of the road which resulted in a change in the kind and character, and increased the amount of, the materials to be excavated and the work to be done; that by reason thereof certain of the changes in the class of work required to be done were of a different classification than that originally provided for, and of such a character that a previous agreement as to the amount and method of payment was impractical; that plaintiffs, by the terms of their contract, undertook to move and place, according to the engineer's certificate, 92,727 cubic yards of earth excavation and 2,794 cubic yards of special borrow, but that, by reason of change of plans as to location of the road, plaintiffs were required to move 157,492 cubic yards of all classes of materials, and were compelled to carry on the work throughout the winter under unfavorable weather conditions at a greatly increased expense. It is further averred that, of the materials excavated and moved, 16,496 cubic yards were excavated and moved under conditions similar to those provided for in the contract, plans and specifications for earth excavation, and, at forty-five cents per cubic yard, would come to $8,229.15; that, of the additional work of excavating, 30,297 cubic yards were hauled over long distances when the ground was frozen, for which the cost, plus ten per cent, was seventy-five cents per cubic yard, or $22,722.75, the reasonable value of the services rendered; that, of this excess, 4,089 cubic yards had to be moved down from the top of a hill when the ground was frozen; that the cost and reasonable value of this work, plus ten per cent, was $1 per cubic yard; that, of the

extra excavation, 9,825 cubic yards were rock, of which 6,245 cubic yards were moved under conditions similar to those provided for by the contract specifications, the cost and reasonable value of which work, plus ten per cent, was $8,430.75; that the remainder of the rock, to wit, 3,578 cubic yards, was moved under different conditions, the expense of which was $3 per yard, or $10,734, which is a reasonable price for the work; that, during the progress of the work, appellees were paid on estimates the total sum of $77,335.06, leaving a balance due plaintiffs in the sum of $50,252.69. Then follow allegations of the estimates made from time to time and the amounts paid on each. These averments need not be set out here, except that one in which it is averred that the estimate covering the period from April 10, 1925, to October 10, 1925, as to which appellant made a re-classification, in which all rock excavation, that had been figured at $1.35 per yard, was changed to "earth excavation," and figured at the contract unit price of forty-five cents per cubic yard, and the earth excavation which had been calculated at forty-five cents per yard was changed to "special borrow" at sixty-five cents per cubic yard, thereby increasing the "special borrow" to $5,995, and eliminating all rock excavation. It is also averred that, according to the last statement and estimate of the Highway Commission, the Commission conceded, and now concedes, that the balance due appellees was $5,996.56, and issued to appellees a certificate for that sum in full settlement, which certificate appellees refused to accept in full settlement. It is averred that the total balance due plaintiffs, including interest, is $52,589.06, judgment for which amount is demanded.

A demurrer to the complaint for want of facts, and a motion to require plaintiffs to make their amended complaint more specific, having each been overruled, appellant answered by denial, and filed a counterclaim in two

paragraphs. An answer in denial closed the issues.

The motion to make the complaint more specific should have been sustained in part, but an examination of the whole record discloses that appellant was in no way harmed by the action of the court in overruling the motion. It follows that the error is not a cause for reversal. *Terre Haute, etc., Traction Co.* v. *McDermott* (1924), 82 Ind. App. 134, 144 N. E. 620, and cases there cited.

It appears that the original complaint was not upon the contract, but was drawn upon the theory that there was an implied contract to pay for extras resulting from a change of the plans, and, for that reason, a demurrer was sustained thereto. The amended complaint, although it contains many unnecessary and improper averments, is based upon the contract by which appellees agreed to excavate for, and grade, the roadway for a specified sum, it being understood that the amount of material to be excavated and the amount of concrete to be laid, etc., were to be as estimated in the plans. The contract, among other things, provided that if more excavation should be required than estimated, or if the concrete used in the construction should exceed the estimates, the pay of the contractors should be increased, the increase to be governed by the unit price bid for the class of which there had been an increase over the estimate and by the terms of the contract as found in the specifications. Most of the work and materials for which recovery is sought by the complaint is under the "force account" provision of the contract, but it is not averred that the wages for labor and the rental price for machine power, tools and equipment were "agreed upon in writing" before the commencement of such work. It is also to be observed that throughout the complaint there are many averments which would have been proper only in a complaint upon an implied contract. It is

doubtless true that these averments are due to the fact that the original complaint was upon the theory of implied contract; they do not, however, control the theory of the amended complaint, which, as appellees claim, is based upon the contract. A further allegation of the complaint is that, prior to the commencement of this action, the State, through its proper officers, conceded that there was a balance due appellees in the sum of $5,996.56, and issued to appellees a certificate for that amount, the same to be in full settlement; that appellees refused to accept the certificate in full settlement, and that the amount so certified is due and unpaid. This allegation is sufficient, in itself, to render the complaint good as against a demurrer for want of sufficient facts. The complaint, however, is not sufficient to warrant a recovery for the force-account items alleged, there being no averment that the wages for labor and the rental price for machine power, tools and equipment were agreed upon in writing before commencement of the action.

The record shows that, prior to the hearing of evidence, appellant filed a written motion requesting the court to find the facts specially and state thereon its conclusions of law. The motion was overruled, and the court, having heard the evidence, made a general finding. The action of the court in overruling the motion is properly presented for review.

Section 394 of the Code of Civil Procedure (§603 Burns 1926) provides: "Upon trials of questions of fact by the court, it shall not be necessary for the court to state its finding, except generally for the plaintiff or defendant, unless one of the parties requests it, with a view of excepting to the decision of the court upon questions of law involved in the trial; in which case the court shall first state the facts in writing, and then the conclusions of law upon them, and the

judgment shall be entered accordingly," etc. Under this provision of the Code, the duty of the court to find the facts specially and state its conclusions of law thereon is mandatory. See *Shroyer* v. *Campbell* (1902), 31 Ind. App. 83, 67 N. E. 192. But it is contended by appellees, and the court so held, that in the instant case, the statute is not applicable for the reason that the action is before the five judges of the superior court of Marion county sitting together as a court of claims. The contention is without merit. The statute, *supra*, which makes provision for the prosecution of all claims against the State in the superior court of Marion county, provides, among other things, that jurisdiction is conferred upon that court, "to hear and determine such action, and said court shall be governed by the laws, rules and regulations which govern said court in civil actions in the making up of issues, trial and determination of causes, except that the same shall be tried by all the judges of said court sitting together without a jury." If the action is to be governed "by the laws, rules and regulations" which govern the court in civil actions, as it must be, it follows that the court must, if requested, find the facts specially and state thereon its conclusions of law. The fact that there are five judges can make no difference. If, in the finding of the facts, the five judges should not be in accord, a majority would make the finding for the court. The case of *McGlennan* v. *Margowski* (1883), 90 Ind. 150, cited by appellees, is not in point. That case was a *habeas corpus* proceeding, a summary proceeding, instituted and prosecuted under a special statute which does not authorize a special finding of facts by the court. A *habeas corpus* proceeding, as the court correctly held in that case, is not even a civil action. The prosecution of a claim against the State is not a summary proceeding. It is a proceeding to be tried in the regular and formal way, except that it is to

be submitted to "all of the judges of the court" which is given jurisdiction; and it is a civil action.

Under the facts and circumstances of this case, the right of the State to have the trial court make a special finding and state its conclusions of law was a valuable right, and the action of the court in denying the request was reversible error. *United States* v. *Clarke* (1876), 94 U. S. 73, 24 L. Ed. 67; *Ostrander* v. *State* (1908), 192 N. Y. 415, 85 N. E. 668.

From the amended complaint, the contract specification defining "earth excavation" was, by an oversight of the pleader, entirely omitted; and inadvertently many allegations of the original complaint, drawn on the theory of implied contract, were incorporated in the complaint as amended. If the cause is retried, the complaint should be rewritten, the specification defining "earth excavation" inserted, and the complaint simplified by the elimination of all unnecessary averments, especially those tending to show an implied contract.

Reversed.

Dausman, J., absent.

## ON PETITION FOR REHEARING.

REMY, J.—In their petition for rehearing, appellees for the first time question the jurisdiction of this court. The basis for the contention is that §5 of the act creating the superior court of Marion county a court of claims (Acts 1889 p. 265, §1554 Burns 1926) provides that appeals shall be "to the Supreme Court." The contention is without merit. The Appellate Court was not in existence when the statute referred to was enacted. When this court was created, the jurisdiction of all appeals to the Supreme and Appellate Courts was definitely fixed by statute. Jurisdiction of appeals from the superior court of Marion county

sitting as a court of claims is fixed in this court. Acts 1925 p. 487, §1356 Burns 1926.

Rehearing denied.