HENRI M. SLIOSBERG, Respondent, *v.* NEW YORK LIFE INSURANCE COMPANY, Appellant.

*Constitutional law — insurance companies — constitutionality of section 139-a of Civil Practice Act providing for stay of action on insurance contract payable in Russian money.*

*Sliosberg v. New York Life Ins. Co. (Action No. 2),* 217 App. Div. 67, affirmed.

(Argued January 26, 1927; decided March 1, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 27, 1926, denying a motion for a stay

of proceedings under section 169-a of the Civil Practice Act.

The following questions were certified:

" 1. Would section 169-a of the Civil Practice Act, as sought to be applied by defendant in this action, contravene the provision of section 10 of article 1 of the Constitution of the United States, that no State shall pass any law impairing the obligation of contracts?

" 2. Would section 169-a of the Civil Practice Act, as sought to be applied by defendant in this action, contravene the provision of section 1 of article XIV of the articles in addition to and amendment of the Constitution of the United States, that no State shall deprive any person of property without due process of law?

" 3. Would section 169-a of the Civil Practice Act, as sought to be applied by defendant in this action, contravene the provision of section 1 of article XIV of the articles in addition to and amendment of the Constitution of the United States, that no State shall deny to any person within its jurisdiction the equal protection of the laws?

" 4. Would section 169-a of the Civil Practice Act, as sought to be applied by defendant in this action, contravene the provision of section 6 of article I of the Constitution of the State of New York, that no person shall be deprived of property without due process of law, nor shall private property be taken for public use without just compensation?

" 5. Would section 169-a of the Civil Practice Act, as sought to be applied by the defendant in this action, contravene the provision contained in section 1 of article III of the Constitution of the State of New York, that ' the Legislative power of this State shall be vested in the Senate and Assembly? '

" 6. Would section 169-a of the Civil Practice Act, as sought to be applied by defendant in this action, contravene the provision contained in section 1 of article VI

of the Constitution of the State of New York, that ' the Supreme Court is continued with general jurisdiction in law and equity, subject to such appellate jurisdiction of the Court of Appeals as now is or hereafter may be prescribed by law not inconsistent with this article? '

" 7. Would section 169-a of the Civil Practice Act, as sought to be applied by defendant in this action, contravene the provision of section 2 of article VI of the Constitution of the State of New York, that ' the several Appellate Divisions, except as hereinafter provided, shall have and exercise such original or appellate jurisdiction as is now or may hereafter be prescribed by law? ' "

*Charles E. Hughes* and *John Foster Dulles* for appellant.

*Albert Ottinger, Attorney-General* (*Claude T. Dawes* and *Clarence C. Fowler* of counsel), for Superintendent of Insurance.

*John W. Davis* and *David E. Hudson* for Equitable Life Assurance Society, *amicus curiæ.*

*Walter H. Pollak, Ruth I. Wilson* and *Frederic C. Pitcher* for respondent.

*Louis Marshall, James Marshall* and *Borris M. Komen, amici curiæ.*

*Osmond K. Fraenkel* and *Charles Recht* for Russian Policyholders, Inc., *amici curiæ.*

*Frederick B. Campbell* and *Paul C. Whipp* for First Russian Insurance Company et al., *amici curiæ.*

*Samuel Greenbaum, Edward S. Greenbaum* and *Jonas J. Shapiro, amici curiæ.*

Order affirmed, with costs, on opinion in *Sliosberg* v. *New York Life Insurance Company* (244 N. Y. 482). First question certified answered in the affirmative; other questions not answered.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.