■ Town of Woodbury, Appellant, v. John Perrone et al., Respondents.— In an action under the Public Health Law (§§ 1305, 1306), to recover the expense incurred by the plaintiff Town of Woodbury in the suppression and

removal of a nuisance upon defendants' property, and to impress a lien upon the property for such expense, the town appeals from a judgment of the County Court, Orange County, entered March 27, 1961, in favor of the defendants, dismissing the complaint at the close of plaintiff's case, during a jury trial. Judgment reversed on the facts, and a new trial granted, with costs to abide the event. The town found that a public nuisance existed on defendants' property by reason of a large accumulation of untreated sewage from a cesspool. Defendants did not dispute the existence of the nuisance on their property; nevertheless they failed to abate it after due notice and request by the town so to do. Acting under its power to "suppress or remove" such nuisance (Public Health Law, § 1305, subd. 2), the town entered upon defendants' property and erected thereon a new sewer system. The town installed a new septic tank, dug trenches for leaching fields, and installed new drainage pipes. The cost of the new system was $987, which the town seeks to collect from the defendants. Before any determination may properly be made as to defendants' liability for the expense of the new sewer system, there should be substantial proof upon the issue as to whether the *only* reasonable and practicable method of abating the nuisance which existed was to install such new sewer system. With respect to such issue, the proof in the present record is inadequate. Accordingly, a new trial is directed primarily to permit such proof to be adduced and such issue to be fully developed. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.