must be resentenced and at that time there must be compliance with section 480. (Appeal from order of Wyoming County Court dismissing, following a hearing, writ of habeas corpus and remanding relator to custody of Warden.) Present — Williams, P. J., Bastow, Goldman, Noonan and Del Vecchio, JJ.

■ STEWART GELLMAN, Respondent, v. WILLIE M. BROWN et al., Appellants.— Order of Erie County Court and order of Buffalo City Court unanimously reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event, unless the plaintiff shall, within 10 days, stipulate to reduce the verdict to the sum of $3,000, as of the date of the rendition thereof. Memorandum: The verdict of the jury was excessive. (Appeal from order of Erie County Court affirming an order of Buffalo City Court which denied defendants' motion to set aside jury verdict as excessive.) Present — Bastow, J. P., Goldman, Henry, Noonan and Del Vecchio, JJ.

■ DOMINICK SANTUCCI, as Administrator of the Estate of LOUIS SANTUCCI, Deceased, Appellant, v. HOWARD L. WOOD, Respondent.— Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event, unless the defendant shall, within 10 days, stipulate to increase the verdict to the sum of $11,000, as of the date of the rendition thereof, in which event the judgment is modified accordingly and, as so modified is, together with the order, affirmed, without costs of this appeal to either party. Memorandum: The verdict of the jury was inadequate. (Appeal from judgment of Monroe Trial Term, for plaintiff in an automobile negligence action; also appeal from order denying plaintiff's motion for a new trial.) Present — Williams, P. J., Bastow, Goldman, Henry and Noonan, JJ.

■ JOHN G. DI DIO, by His Guardian ad Litem, JOHN DI DIO, et al., Appellants, v. VINCENT WRIGHT, Respondent.—Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event. Memorandum: The verdict of the jury is against the weight of the evidence. (Appeal from a judgment of Monroe Trial Term for defendant for no cause of action in a negligence action.) Present — Williams, P. J., Bastow, Goldman, Henry, and Del Vecchio, JJ.

■ In the Matter of VICTOR GILELS, Respondent, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles of the State of New York, Appellant.— Order unanimously reversed, without costs of this appeal to either party, and determination of the Commissioner of Motor Vehicles confirmed. Memorandum: The determination of the Commissioner of Motor Vehicles was supported by substantial evidence and it should not have been vacated. (Appeal from order of Jefferson Special Term annulling and canceling the order revoking petitioner's operator's license.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ MAIN WATER, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 40203.) — Judgment unanimously modified on the law and facts in accordance with the Memorandum and as modified affirmed, with interest, without costs of this appeal to either party. Memorandum: The allowance of $21,740 for consequential damages finds no basis of fact or of law in the record. The amount of the judgment should be reduced accordingly. (Appeal from judgment of Court of Claims for claimant on a claim for permanent appropriation of realty.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ CLOVER-EAST ASSOCIATES, Respondent, v. SOL BACHLER et al., Appellants.— Order unanimiously reversed in accordance with the Memorandum, without costs of this appeal to any party. Memorandum: It is conceded that

oral argument of the motion was had before one Justice of the Supreme Court and thereafter without consultation with the parties or their attorneys and without stipulation the papers were sent to another Justice who without any argument decided the motion in respondent's favor. Section 21 of the Judiciary Law specifically provides that a Judge other than an appellate one "shall not decide or take part in the decision of a question, which was argued orally in the court, when he was not present and sitting therein as a judge." The order appealed from was made under the very circumstances prohibited by this section and therefore must be vacated (*Smith* v. *State of New York,* 214 N. Y. 140, 144; *People* v. *Hooper,* 22 A D 2d 1006). We have dealt solely with the procedural question involved and pass upon no other questions presented by the briefs. (Appeal from order of Monroe Trial Term denying application of defendants to strike case from the Jury Calendar and directing trial as a nonjury case.) Present — Williams, P. J., Goldman, Henry, Noonan and Del Vecchio, JJ.

■ EMMA SNYDER, Appellant, v. GERALD A. SCHURR et al., Respondents. — Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The judgment is reversed because of the inadequacy of the verdict. (Appeal by plaintiff from a judgment of Chautauqua Trial Term for plaintiff in an automobile negligence action; also appeal from order denying motion for a new trial.) Present — Williams, P. J., Goldman, Henry, Noonan and Del Vecchio, JJ.

## (February 25, 1965)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY JENNINGS, Appellant.— Judgment unanimously reversed on the law and the facts and a new trial granted. Memorandum: The defendant appeals from a judgment of conviction for robbery in the second degree, grand larceny in the first degree and assault in the second degree. He was found guilty following a jury trial. During the course of trial the People offered in evidence a composite picture which the victim assisted in creating in co-operation with the law-enforcement officers who were investigating the incident for which the defendant was later convicted. The offer was for the avowed purposes of identifying the defendant and supporting the credibility of the victim who was the only witness as to the incident. Except where the credibility of a witness is under violent attack as to identity or there is a claim that such testimony at the time of trial is a recent fabrication (which is not this case), earlier identification from an actual photograph is inadmissible (*People* v. *Hagedorny,* 272 App. Div. 830). The same rule applies to a sketch drawn by a police artist from details supplied by a victim (*People* v. *Coffey,* 13 A D 2d 410, revd. 11 N Y 2d 142). The composite picture in this case is vulnerable to the same exclusionary rule. The People also offered testimony of two detectives as to an earlier identification of the defendant by the victim. This was a patent violation of section 393-b of the Code of Criminal Procedure which the People conceded on oral argument. It is urged that this error was insubstantial and did not prejudice the defendant's rights. We disagree. In a case such as this which is based on the identification by the victim only and the same witness is the only one to testify as to the alleged crime, any proof erroneously allowed in support of the version of the victim may not be disregarded (*People* v. *Trowbridge,* 305 N. Y. 471, 477). Because of these errors and in the interests of justice the judgment