## (December 29, 1967)

■ WILLIAM T. EVANS, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 40983.) — REYNOLDS, J. Appeal and cross appeal from a judgment of the Court of Claims awarding claimant $56,000, and interest, for the appropriation of 279.7 acres of land located in Saratoga County pursuant to then section 13 of the Conservation Law (now § 1-0503). The experts for both the claimant and the State while far apart on value agreed on the division of the property involved into three distinct parcels; a commercial strip along Route 50, an inland area suited for residential purposes and the bottom land, on which there existed a divergence as to use. The trial court, although recognizing this differentiation, made no attempt to delineate and evaluate specific areas and instead found an average value of $200 per acre for the entire plot. Both litigants are in agreement as to the error of this approach, presumably, because each feels a proper breakdown will enhance their respective positions. This, of course, clearly highlights the necessity for a delineation and valuation of the unequal areas here involved in order to permit us to make an adequate and intelligent judicial review of the case (*Conklin* v. *State of New York,* 22 A D 2d 481). The Trial Judge having died during the pendency of this appeal, a new trial will be required unless the parties stipulate that a new decision upon the record previously made may be rendered by another Judge (Judiciary Law, § 21). Judgment reversed, on the law and the facts, without costs, and a new trial ordered, unless the parties shall, within 10 days, stipulate to submit the record previously made to a Judge to be designated by the Presiding Judge of the Court of Claims to render a new decision complying with the guidelines of this decision, in which event, and upon the reaching of this new decision, the case will be restored to the calendar. Gibson,

P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Reynolds, J.