In the Matter of the COUNTY OF NASSAU, Appellant, Relative to Acquiring Title to Real Property at South of Ann Drive and Other Streets, in the Town of Hempstead. ISIDORE COHEN et al., Respondents.— In a condemnation proceeding, the condemnor appeals from so much of an order of the Supreme Court, Nassau County, dated November 11, 1971, as grants claimants a new trial on the theory of marina use of the property as its highest and best use. Order reversed insofar as appealed from and proceeding remanded to Special Term for further proof and redetermination of the damages in accordance with this court's prior remittitur (*Matter of County of Nassau* [*Cohen*], 34 A D 2d 412), with costs to abide the event. The subject property had been used as a junkyard, which was a vested nonconforming use. At the original trial of this claim, claimants' appraiser testified that the property's best and highest use was as a junkyard and he valued it in light of that special use; the condemnor's appraiser testified that the present industrial zone would probably be changed to a residential zone and he valued the property as a residence parcel, without giving any effect to its nonconforming use as a junkyard. Special Term valued the property as though it were ready for use for one-family homes and awarded a premium of 20% "'for the premature extinguishment of the nonconforming use'" (p. 413). On appeal, we reversed and remanded the proceeding to Special Term for further proof and a new determination of the damages "so that the full scope of the factors combining to form an evaluation of the nonconforming use may be amplified in the record" (p. 417); and we added that "the appraisal of the value of the land should consider the appropriate weight to be attached to the use and value of the land as a junkyard * * * and to the zoning aspects of the land, both current and reasonably probable in the future, put in proper perspective as of the time of the taking" (p. 417). After our remand, the original Trial Justice disqualified himself and suggested the assignment of a new Judge to hear this case *de novo*. When the case came on for trial before the new Judge, the claimants moved for leave to try the case on the theory that the highest and best use of the property was not as a junkyard but as a marina. The new Trial Justice granted the motion, even though he believed that the original Trial Justice's reference to a retrial *de novo* had referred to a retrial on the original theory, and even though he believed that our remand was for further proof on that original theory. His grant of the motion, in the exercise of discretion, was on the theory that the claimants' position was analogous to that of a plaintiff seeking to amend his complaint; and, so holding, he noted that a new trial may be granted, after an appellate court remand, where newly discovered evidence is offered or it is necessary to mold the relief to new conditions which were not before the appellate court. In our opinion, there was no basis here for the grant of a new trial on the new theory of a marina as the highest and best use. Clearly, this was not a case of newly discovered evidence; nor was it a case of new conditions which were not before us on the prior appeal. The only change, after our remand, was the disqualification of the original Trial Justice and the substitution of a new Judge. But this was not such a change of conditions as warranted a retrial, *de novo*, on a new theory, in the face of our limited remand for further proof on the old theory. The new Trial Justice could himself inspect the property and read the record of the original trial, which contains not only the appraisers' testimony but also adequate testimony as to the condition of the property at the time of vesting; and, with that record and the further proof taken pursuant to our remand, he would have as adequate a basis for a redetermination of the damages as the original

Judge would have had if he had not disqualified himself. We therefore conclude that it was an improper exercise of discretion to permit a change in the theory of the claimants' case after we had remanded the case for the limited purpose of further proof and a redetermination of the damages on the original theory that the highest and best use of the property was as a junkyard (*Matter of City of New York* [*Shorefront High School — Rudnick*], 29 N Y 2d 868). Munder, Martuscello, Gulotta and Benjamin, JJ., concur; Hopkins, Acting P. J., dissents and votes to affirm.