■ STATE OF NEW YORK, Appellant v GENERAL ELECTRIC COMPANY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered June 21, 1983 in Saratoga County, which, *inter alia,* granted defendant's motion to stay the action and for partial summary judgment dismissing the fifth and sixth causes of action. ¶ This case arises from the State's desire to hold defendant responsible for the past dumping of various chemical wastes at a site in the Town of Moreau, Saratoga County, commonly known as the Caputo dumpsite, which has allegedly caused a serious water pollution and health problem in the vicinity of the site. The State alleged, *inter alia,* that the migration of chemicals from the site into the ground water constituted an unlawful discharge of pollutants in violation of ECL 17-0501; it sought civil penalties of $10,000 per day therefor and, further, demanded restitution of $5,000,000 for its costs and expenses. These causes of action were dismissed by Special Term, which also, *inter alia* granted a stay of proceedings. The State appeals from the order entered thereon. ¶ Initially, any issue concerning the stay granted by Special Term has been rendered moot inasmuch as the stay expired September 6, 1983. We add that this case does not fall within the exception to the mootness doctrine which would allow us to review the propriety of the stay despite its expiration (see *Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715). ¶ Our determination of the substantive issues presented is controlled by this court's thorough decision in *State of New York v Schenectady Chems.* (103 AD2d 33). Thus, Special Term properly dismissed the cause of action for statutory penalties for violations of ECL 17-0501. The fact that defendant might have dumped some or even all of the wastes directly, without the use of independent haulers, is not a sufficient basis upon which to impose ECL 17-0501 liability on defendant for, as discussed in *Schenectady Chems.,* the problem of migration of pollutants into underground waters from inactive dumpsites at issue herein is not addressed by ECL 17-0501, but would seem to be covered under title 13 of ECL article 27. ¶ We further conclude that, on the basis of the decision in *Schenectady Chems.,* the State's cause of action for restitution, insofar as it seeks reasonable costs for abatement, is viable and should not have been dismissed. We reject defendant's argument that the State's investigatory expenses are not recoverable. Reading the complaint liberally (CPLR 3026), the investigatory expenses were incurred in determining the extent of the pollution problem and the method for abatement thereof and not, as defendant contends, in preparing a cause of action. ¶ Order

modified, on the law, without costs, by reversing so much thereof as granted defendant's motion for partial summary judgment dismissing plaintiff's sixth cause of action for restitution, motion for partial summary judgment denied insofar as the cause of action requests restitution for past expenditures, and, as so modified, affirmed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.