■ STATE OF NEW YORK, Plaintiff, and TOWN OF MOREAU et al., Respondents-Appellants, v GENERAL ELECTRIC COMPANY, Appellant-Respondent. [604 NYS2d 355] —Cardona, J. Cross appeals from an order of the Supreme Court (Brown, J.), entered April 28, 1992 in Saratoga County, which, inter alia, partially granted defendant's motion for partial summary judgment.

This case arises out of toxic waste contamination at a site in the Town of Moreau, Saratoga County. Plaintiff State of New York originally commenced this action against defendant in September 1982. The State's complaint alleged that defendant was responsible for toxic waste at the site, which had allegedly leaked from the site and contaminated the groundwater. The State's amended complaint set forth causes of action in public nuisance and sought abatement of the nuisance and damages. Defendant then answered and the action proceeded to discovery.

By notice of motion served August 1, 1986, plaintiffs Town of Moreau, Town Board of the Town of Moreau and Supervisor of the Town of Moreau (hereinafter collectively referred to as the Town) moved to intervene in the action, which motion was granted. The order granting intervention was served on September 14, 1987.

The Town's complaint set forth causes of action in public nuisance and sought abatement of the alleged nuisance as well as damages for, *inter alia,* (1) the costs of abatement, including expert fees and counsel fees, (2) damage to the reputation of the Town, (3) the alleged reduction in economic development in the Town, and (4) the alleged reduction in tax revenue resulting from reduced property tax assessments due to lower property values caused by the toxic waste contamination.

Defendant appeals from that portion of Supreme Court's order that denied its motion for partial summary judgment seeking dismissal of the Town's claims for property damages and abatement expenses on the ground that said claims were time barred by the Statutes of Limitations set forth in CPLR 214 (4) (three years) and CPLR 213 (six years), respectively. The Town cross-appeals from that portion of Supreme Court's order that granted defendant's motion for partial summary judgment dismissing claims for injury to the Town's reputation, for damages resulting from decreased residential and commercial development, and for restitution of abatement costs to the extent that these costs sought to include counsel fees and expert fees.

We first address Supreme Court's dismissal of the Town's claims for damages resulting from reduced commercial and residential development and injury to its reputation as too speculative. The Town's tender of proof of damages in this regard is "determinable solely by reference to collateral transactions (or their absence)" *(Koch v Consolidated Edison Co.,* 62 NY2d 548, 561, *cert denied* 469 US 1210). Furthermore, there are "strong considerations of public policy which militate against recognition of losses sustained by [municipalities] in consequence of adverse effects on the general economy" *(supra).* The dismissal of the Town's claims for alleged reduction in economic development and damage to its reputation was therefore proper. Additionally, with regard to the claim for damage to reputation, we note that such a claim is compensated through a specific action like libel, slander or malicious prosecution *(see,* 36 NY Jur 2d, Damages, § 116, at 202). Thus, there is no independent action for "damage to reputation".

The Town correctly notes that its claim for damages to its reputation is not grounded in defamation because no false statements were uttered against the Town by defendant. Nor is its claim encompassed by a public nuisance cause of action, because the purpose of a public nuisance cause of action is to provide for abatement of interference with a public right *(see generally,* Prosser and Keeton, Torts § 90, at 643-646 [5th ed]). Inasmuch as the Town's action is not grounded in defamation or any other specific cause of action, the Town's claim must fail.

The Town maintains that Supreme Court erred in dismissing its claims for counsel fees and expert fees as incidents of litigation *(see, Hooper Assocs. v AGS Computers,* 74 NY2d 487, 491) and argues that these fees are reasonable costs of abatement under Public Health Law § 1306. We disagree. That statute provides that the owner or occupant of the premises, or other person responsible for maintaining a public nuisance, must pay "[t]he expense of suppression or removal of a nuisance" (Public Health Law § 1306 [1]). The record shows that none of the Town's counsel fees or expert fees were actually incurred in the course of suppressing or removing a nuisance. The Town's counsel fees were incurred in the course of its Federal litigation with the Environmental Protection Agency and in the Federal administrative process. The Town's expert fees, while arguably expended to determine the extent of the contamination problem and a method of abatement, were incurred in the context of preparation for litigation, not as part of an investigatory phase preceding an actual cleanup or suppression of a public nuisance *(see, State of New York v General Elec. Co.,* 103 AD2d 985). By its own language, Public Health Law § 1306 (1) applies only to situations in which a municipality actually removes or cures a nuisance and seeks reimbursement of expenses incurred *(see, e.g., Town of Woodbury v Perrone,* 17 AD2d 662, *appeal dismissed* 13 NY2d 727).

Supreme Court correctly held that the Town's claims for property damages and abatement expenses should be deemed interposed as of 1982, the date that the State commenced its action against defendant. Once intervention has been granted, an intervenor is afforded the same rights accorded the original parties in the action *(see, New York Cent. R. R. Co. v Lefkowitz,* 19 AD2d 548). "Generally, leave to amend a pleading to assert a new cause of action is not precluded by untimeliness so long as the earlier pleading gave the adverse party sufficient notice of the transaction out of which the new claim arises * * *" *(Anderson v Carney,* 161 AD2d 1002, 1003 [cita-

tions omitted]; *see,* CPLR 203 [f]; *Bellini v Gersalle Realty Corp.,* 120 AD2d 345, 347-348). Thus, it has been "held that when a new party plaintiff is joined in order to allow it to assert a claim on its behalf, its claim will be deemed to have been interposed as of the time of the interposition by the preexisting plaintiff of its similar or identical claim" *(Key Intl. Mfg. v Morse/Diesel, Inc.,* 142 AD2d 448, 458; *see, Schleidt v Stamler,* 106 AD2d 264). In the absence of prejudice to defendant *(see, Anderson v Carney, supra,* at 1003), we think the same result should follow where, as here, intervention has been granted. Because the Town's claims for property damages, injunctive relief and abatement expenses are the same as or similar to those set forth in the State's original amended complaint, these claims should be deemed to have been interposed on the date of commencement of the State's action.

On the other hand, contrary to Supreme Court's holding, the Town's claim for reduced tax revenue resulting from reduced property tax assessments due to lower property values should not relate back, because defendant had no notice of this claim *(see, Key Intl. Mfg. v Morse/Diesel, Inc., supra,* at 458-459). As the Town correctly notes, a public nuisance is a continuing harm and "the wrong is not referable exclusively to the day when the original tort was committed" *(Kulpa v Stewart's Ice Cream,* 144 AD2d 205, 207; *see, State of New York v Schenectady Chems.,* 103 AD2d 33). Damages for this claim would be recoverable to the extent that they were sustained during the three years immediately prior to the Town's commencement of the action *(see,* CPLR 214 [4]; *Kulpa v Stewart's Ice Cream, supra,* at 207). We determine that the Town's action was commenced on September 14, 1987, when the order granting intervention was served *(see, Fineshewitz v East Riv. Sav. Bank,* 187 Misc 874). We find unpersuasive the Town's argument that the Statute of Limitations was tolled between the date the Town served its motion for intervention and the date the order granting intervention was served. We discern no authority in the law for such a toll.

Mikoll, J. P., Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by granting defendant's motion to the extent that claims by plaintiffs Town of Moreau, Town Board of the Town of Moreau and Supervisor of the Town of Moreau for reduced tax revenue prior to September 14, 1984 are dismissed, and, as so modified, affirmed.