■ STATE OF NEW YORK, Plaintiff, and TOWN OF MOREAU et al., Appellants, v GENERAL ELECTRIC COMPANY, Respondent. [626 NYS2d 861] —Cardona, P. J. Appeal from an order of the Supreme Court (James, J.), entered January 28, 1994 in Saratoga County, which, *inter alia,* denied certain plaintiffs' motion for a protective order.

This is an action, originally commenced in 1982, to abate an alleged continuing nuisance that defendant, General Electric Company (hereinafter GE), is contaminating the groundwater or threatening the groundwater used by hundreds of homes in the Town of Moreau, Saratoga County. On January 21, 1993, GE served on plaintiffs Town of Moreau, Town Board of the Town of Moreau and Supervisor of the Town of Moreau (hereinafter collectively referred to as the Town) a revised second notice of discovery and inspection and a notice for supplemental discovery pursuant to CPLR 3120.[1] The Town moved for a protective order *(see,* CPLR 3103). The Referee, assigned by Supreme Court to supervise discovery, denied the motion and by order dated August 4, 1993 directed the Town to produce documents responsive to the revised second notice and notice for discovery supplement. The Town thereafter moved for review and reversal of the Referee's order *(see,* CPLR 3104 [d]). A Supreme Court Justice heard oral argument on the motion; however, he retired prior to rendering a decision. Based upon review of the papers, another Justice issued a decision affirming the Referee's order. This appeal followed.

We find merit in the Town's procedural argument that Supreme Court lacked the authority to render a decision on the motion because the Justice rendering the decision did not preside at oral argument *(see, Smith v State of New York,* 214 NY 140, 144; *Clover-East Assocs. v Bachler,* 23 AD2d 620; *People v Hooper,* 22 AD2d 1006). Judiciary Law § 21 provides that: "A judge other than a judge of the court of appeals, or of the appellate division of the supreme court, shall not decide or take part in the decision of a question, which was argued

---

1. GE served its first notice for discovery and inspection in August 1988 and the Town responded in August 1989.

orally in the court, when he was not present and sitting therein as a judge." Contrary to GE's contention, the right to have a question determined by the Justice who hears oral argument is so fundamental that it may not be waived by the failure to raise it before the hearing court *(see, People v Cameron,* 194 AD2d 438; *Michel v Michel,* 31 AD2d 313).

Since the record is complete and permits a full review, in the interest of judicial economy and to avoid further unnecessary delay in prosecuting this action,[2] we now determine the issues without remittal. We find that the Town's argument to vacate the Referee's determination is lacking in merit.

The documents and information sought are material and relevant to one or more of the complex issues raised by the Town creating an entitlement in GE to their production *(see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403). A protective order may issue to prevent "unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice" (CPLR 3103 [a]), but only upon a factual showing of prejudice, annoyance or privilege *(see, Carella v King,* 198 AD2d 567, 568; *Brignola v Pei-Fei Lee,* 192 AD2d 1008, 1009). The Town argues that it should not be required to produce or look through its files again as it already did so in response to GE's first supplemental notice. However, the CPLR does not set any limit on how many times a particular disclosure device may be used, only that its use should not be abused in light of all the circumstances *(see, Comstock & Co. v City of New York,* 80 AD2d 805, 806). Therefore, there is no merit to that argument. Further, to the extent the Town has already produced certain requested documents, it may avoid reproduction simply by saying so.

There is also no basis to the Town's claim that a response to the revised second notice will be burdensome and expensive. We recognize that the Town will be put to additional burden and expense in responding to the revised second notice but the Town has not demonstrated that any added burden and expense would be unreasonable for an action of this complexity, especially in light of proof that the Town has separately maintained at least some of its records relating to the litigation.

---

**2.** We note that there have been four previous appeals to this Court beginning in 1984 *(see, State of New York v General Elec. Co.,* 103 AD2d 985 [1984]; *State of New York v General Elec. Co.,* 173 AD2d 939 [1991]; *State of New York v General Elec. Co.,* 199 AD2d 595 [1993]; *State of New York v General Elec. Co.,* 201 AD2d 802 [1994]).

We have considered the Town's remaining arguments including those pertaining to the notice of discovery supplement and find them to be without merit.

Mercure, White, Casey and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion denied and period of discovery extended for 45 days after the date of this Court's decision in accordance with the Referee's order dated August 4, 1993.