*444 OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
The major issue decided on this appeal concerns the constitutionality of RPAPL 747-a, which bars the granting of stays in nonpayment proceedings brought in the City of New York after five days have elapsed following the entry of judgment unless the amount of the judgment has either been paid to the landlord or deposited into court. In Lang v Pataki (271 AD2d 375, affg 176 Misc 2d 676), the Appellate Division, First Department, held that RPAPL 747-a is not unconstitutional on its face because it does not infringe upon the court’s fundamental decision-making authority. We now hold that the statute is nevertheless unconstitutional as applied to temporary stays in orders to show cause seeking relief from a final judgment or warrant because as applied to such stays the statute does impermissibly interfere with the court’s inherent judicial function.
In the second stipulation entered into in this nonpayment proceeding, the parties agreed, on July 1, 1999, that landlord would have a final judgment for possession and arrears in the sum of $1,358.34 with execution of the warrant stayed through July 31, 1999. In applying for orders to show cause on August 16, 1999 and August 26, 1999, tenant showed the court Department of Social Services (DSS) checks in amounts in excess of the amount of the final judgment and averred that the checks had not been ready for pickup from DSS until August 10, 1999. (Evidently, the checks could not be deposited into court because they were not payable to the Finance Administrator.) The Civil Court (D. Jimenez, J.) signed the orders to show cause and granted tenant temporary stays pending determination of the motions. The first motion was denied because of the nonappearance of the tenant; the second resulted in an order which vacated the warrant on condition tenant pay landlord $1,619.97 by September 19, 1999. Landlord did not appeal from that order. After two tenders by tenant, including a tender of $1,611.94 on September 23, 1999, both of which landlord refused to accept, the Housing Court (M. Finkelstein, J.) signed a further order to show cause on September 27, 1999 containing a temporary stay, noting, inter alia, that tenant had $1,619.97 with her in court. By order dated October 7, 1999, the order appealed from by landlord, Judge Finkelstein directed landlord to accept payment and, in effect, vacated the warrant for good cause shown.
*445 On appeal, as in the court below, landlord challenges the granting of the temporary stays pending determination of the motions as violative of RPAPL 747-a. This section, enacted as part of the Rent Regulation Reform Act of 1997 (L 1997, ch 116, § 37), provides: “747-a. Judgments; stays. In the city of New York, in any non-payment summary proceeding in which the respondent has appeared and the petitioner has obtained a judgment pursuant to section seven hundred forty-seven of this article and more than five days has elapsed, the court shall not grant a stay of the issuance or execution of any warrant of eviction nor stay the re-letting of the premises unless the respondent shall have either established to the satisfaction of the court by a sworn statement and documentary proof that the judgment amount was paid to the petitioner prior to the execution of the warrant or the respondent has deposited the full amount of such judgment with the clerk of the court.”
Before turning to the issue of the propriety of the court’s granting the temporary stays, we address the question of mootness. It is clear that the issue of the propriety of a court’s granting a temporary stay becomes moot upon the expiration of that stay (State of New York v General Elec. Co., 103 AD2d 985). However, there is a well-recognized exception to the mootness doctrine which permits courts to preserve for review important and recurring issues which, by virtue of their relatively brief existence, would be rendered otherwise nonreviewable. The factors justifying the invocation of this exception are a likelihood of repetition, a phenomenon typically evading review and a showing of an important question not previously passed upon (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715). As these factors are clearly present here, and particularly in light of the overwhelming public importance of the issue, we will treat the issue raised by landlord.
Postjudgment applications for stays in nonpayment proceedings can be divided into two categories. One category, and by far the larger, includes all those applications, no matter how denominated, in which a stay is in actuality the ultimate relief sought in the order to show cause. Typically, such applications involve requests by tenants for more time to make a required payment. The second category covers applications for temporary stays made in conjunction with orders to show cause where the ultimate relief sought is in actuality the vacatur of a judgment or warrant. For the reasons that follow, we believe a distinction between these two categories is constitutionally mandated.
*446 As noted at the outset, the Appellate Division recently ruled that RPAPL 747-a is not unconstitutional on its face (Lang v Pataki, supra). In rejecting a claim that the statute violates the separation of powers doctrine, the Court held that the statute does not “strip the courts of fundamental decision-making authority” (Lang v Pataki, supra, at 376) because the courts retain the power to vacate the warrant for good cause shown prior to its execution (RPAPL 749 [3]) and to restore a tenant after execution of the warrant in appropriate circumstances. ■
With respect to the first category of applications for stays— those in which the ultimate relief sought is the stay — it may be true, as the Appellate Division holds, that the Legislature’s limitation on the granting of such stays does not involve fundamental judicial decision-making power (but cf., Sliosberg v New York Life Ins. Co., 217 App Div 67, affd 244 NY 599). However, our present concern is only with the type of stays granted in the instant case, to wit, temporary stays granted pending determination of an order to show cause seeking relief from a final judgment or warrant. Because the power to grant such temporary stays is a power which is essential to the just resolution of the summary proceeding, we hold that it is not within the competence of the Legislature to proscribe the granting of such stays unless a mandatory deposit has been made.
As the Lang Court recognized, the New York State Constitution (art VI, § 30) vests broad power in the Legislature to make procedural rules for the courts (Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1; Cohn v Borchard Affiliations, 25 NY2d 237). However, “[t]here are some matters which are not subject to legislative control because they deal with the inherent nature of the judicial function” (Matter of A. G. Ship Maintenance Corp. v Lezak, supra, at 5; see, People v Glen, 173 NY 395, 399-400; Riglander v Star Co., 98 App Div 101, affd sub nom. Riglander v Morning Journal Assn., 181 NY 531; Lang v Pataki, supra). The general rule has been stated to be that “legislative enactments relating to procedure can have no valid operation if they have the effect of depriving the courts of their constitutional or inherent powers, as by * * * interfering with the discretionary powers of the court in the course of judicial administration” (16 CJS, Constitutional Law, § 124, at 401-402).
The inherent judicial powers are those which do not derive from legislative grant but are required in order for the court “to do all things reasonably necessary for the administration of justice within the scope of their jurisdiction” (Gabrelian v *447 Gabrelian, 108 AD2d 445, 448). For a court to exercise its constitutional mandate, it must have certain incidental powers (Wehringer v Brannigan, 232 AD2d 206, 207). One of these “essential, inherent powers” (Lowber v Mayor of N. Y., 15 How Pr 123, 26 Barb 262) is the power of a court to grant relief from its own judgments and processes. This power “does not depend upon any statute, but is inherent” (Ladd v Stevenson, 112 NY 325, 332). Indeed, by enacting CPLR 5015, which codifies some of the instances in which this power may be exercised (see also, Fed Rules Civ Pro, rule 60 [b]), the Legislature has acknowledged the need for an efficient procedural mechanism for the correction of a judgment that has been procured through irregular means, that is, contrary to the equities of the case, or that works a substantial injustice (10 Weinstein-Korn-Miller, NY Civ Prac 5015.01). Similarly, the Legislature has acknowledged and preserved the inherent power of the court to vacate the warrant (RPAPL 749 [3]).
The power to grant a temporary stay pending determination of a motion for relief from a judgment or warrant is a necessary incident of the authority of the court to vacate its judgment or warrant. It is a power which a court must have in order to preserve the status quo until the motion has been determined and one which is necessary if its subsequent disposition is not to be rendered a mere exercise in futility (see, Wehringer v Brannigan, supra [inherent powers are those powers reasonably required to make a court’s lawful actions effective]). It is not a power which arises as a result of legislative grant. Indeed, the Legislature has recognized this by omitting from the RPAPL the provision of the former Civil Practice Act which purported to grant the court this power in the case of an application to vacate a default judgment (former Civ Prac Act § 1447). In recommending omission of this provision, the Advisory Committee stated: “Section 1447 is omitted. Vacatur of its judgments is an inherent power of the court * * * Staying enforcement of the judgment is a necessary ancillary power.” (4th Prelim Report of Advisory Comm on Practice & Procedure, 1960 NY Legis Doc No. 20, at 572-573; see, Matter of Joseph v Cheeseboro, 42 Misc 2d 917; see also, Matter of Mennella v Lopez-Torres, 91 NY2d 474, 479.)
It is elementary that the mandate of the court to achieve a just resolution of the legal dispute pending before it requires the court to evaluate the concrete facts of the case. Both the *448 determination whether to vacate the judgment or warrant (and of the terms of such vacatur) and the determination whether to grant a temporary stay (and of the terms of such stay) require judicial evaluation of the merits of the particular application and the exercise of judicial discretion (see, e.g., CPLR 5015 [a] [providing that vacatur of a judgment should be “upon such terms as may be just”]; CPLR 2201 [providing that a stay should be granted “upon such terms as may be just”]; Rubinow v Harrington, 194 AD2d 822 [vacatur of judgment based on newly discovered evidence requires exercise of judicial discretion]; New York City Hous. Auth. v Torres, 61 AD2d 681, 683 [vacatur of warrant requires exercise of judicial discretion]; Research Corp. v Singer-General Precision, 36 AD2d 987 [granting of stay is discretionary with trial court and reviewable by appellate court]; see generally, 10 Weinstein-Korn-Miller, NY Civ Prac 5015.14; 4 Weinstein-Korn-Miller, op. cit., 2201.05). Because these determinations require particularized judicial inquiry and the exercise of judicial discretion and because they constitute essential steps in the court’s quest for a just resolution of the dispute, it is not competent for the Legislature to preclude absolutely the granting of temporary stays in all cases in which a deposit of the amount of the judgment cannot be made (cf., Sliosberg v New York Life Ins. Co., 217 App Div 67, 75, affd 244 NY 599, supra [the Legislature cannot “deprive the courts of judicial discretion in respect of stays which they have heretofore been accustomed to grant or refuse according to the merits of the application”]). While it may be true, as the Legislature has sensed, that the need to prevent prejudice to the landlord ordinarily dictates that a stay be conditioned upon a deposit of the judgment amount, there are circumstances in which a deposit of the full amount should be dispensed with. Where, for example, in moving for relief from the final judgment, a tenant, whose eviction is imminent, makes a clear showing that the judgment is improper because the premises is an unregistered multiple dwelling (Multiple Dwelling Law § 325 [2]; Matter of Blackgold Realty Corp. v Milne, 69 NY2d 719) or that the amount of the judgment is wrong because of a postjudgment Division of Housing and Community Renewal overcharge order or for some other reason, the substantial prejudice which will accrue to the tenant if a temporary stay is not granted may require that a short stay be granted even if the tenant is unable to deposit the full amount of the judgment. *449 * We fail to see how it can be said that a statute which binds the hands of the court and requires it to stand idly by while its process is used to effectuate an unjust eviction does not interfere with a core function of the court. Inasmuch as the Legislature’s limitation of the traditional judicial authority over the granting of temporary stays substantially detracts from the ability of the court to achieve a just resolution of the summary proceeding, it cannot withstand constitutional scrutiny.
Accordingly, we hold that the court below acted within its authority in granting the temporary stays and in subsequently vacating the warrant. Tenant’s showing that she had the full amount of the judgment (which could not be deposited) and that the lateness in payment was due to a delay in receiving funds from DSS constituted a proper basis to grant the temporary stays without requiring a deposit, as well as to subsequently vacate the warrant (Fisher v Nugent, NYLJ, Sept. 28, 1995, at 30, col 1 [App Term, 2d & 11th Jud Dists]), particularly in light of the long duration of the tenancy (Jane St. Co. v Prince, NYLJ, Nov. 13, 1995, at 25, col 1 [App Term, 1st Dept]; Raridge Props. v Haner, NYLJ, Aug. 16, 1991, at 28, col 4 [App Term, 2d & 11th Jud Dists]).
Aronin, J. P., Scholnick and Patterson, JJ., concur.

 We note that speedy and effective review by the appellate courts of the exercise of discretion by the court of first instance is provided for in CPLR 5704 (see also, Research Corp. v Singer-General Precision, supra).