OPINION OF THE COURT
Norman I. Siegel, J.
*546 This matter is brought before the court on a motion by claimant to have the liability trial decided by this court on the digital tapes and transcripts of the proceedings before the original trial judge who recused himself prior to rendering a decision. The defendant refused to so stipulate and requests a trial de nova.
Claimant’s decedent died from injuries sustained in a pedestrian/car accident. At the time of the incident claimant’s decedent was crossing Binghamton’s Vestal Parkway, an eight-lane highway at an intersection with a pedestrian crosswalk designed and installed by defendant. The underlying claim raises multiple issues of negligence, including issues as to the adequacy of the design, the adequacy of the studies, if any, underpinning the design, and the actual implementation of the design plans. The liability trial of this claim proceeded over a period of days, commencing on March 13, 2007. On June 23, 2008 prior to rendering a decision, the trial judge recused himself from the case and the matter was reassigned to this court. It was and is the preference of the claimant to have the trial decided by this court on the digital tapes and transcripts of the proceedings before the original trial judge. However, the defense refused to stipulate to that request and demands a trial de nova. The court conducted a conference with the parties in the hopes of resolving the issue, but their respective positions were firm. The parties have been advised by the court that following this decision, the matter will be held in abeyance in order to allow an immediate appeal from this decision, since there will be a substantial impact upon the parties, regardless of which way the court rules, and it was represented to the court that in all likelihood the losing party would appeal the ruling.
It is in the context of the foregoing that claimant moves for an order or declaration that this court will decide the case upon the entire audio and transcribed record as well as all documentary proof previously admitted into evidence at the original trial of the action. The defendant opposes the motion and asserts the right, as both a matter of law and the court’s discretion, to a trial de nova.
Judiciary Law § 21 is determinative of the issue raised on this motion and provides that
“[a] judge other than a judge of the court of appeals, or of the appellate division of the supreme court, shall not decide or take part in the decision of a question, which was argued orally in the court, *547 when he was not present and sitting therein as a judge.”
In support of her motion, claimant relies upon the Appellate Division, Second Department, decision in Matter of County of Nassau (40 AD2d 854 [1972]), and argues further that inasmuch as there is no inconsistent authority in the Third Department, the aforementioned decision is conclusive. I do not agree. First, it is not on point, and is at best, tangentially related. Matter of County of Nassau arose out of a condemnation proceeding. An appeal followed the original trial. The Appellate Division reversed the determination of the original trial court on its method of appraisal. After making its own finding as to the appropriate method of valuation, the Appellate Division remanded the case, directing the lower court to make a new determination of damages in light of the appellate court’s ruling. Following the remand, the original trial judge disqualified himself and suggested a new judge hear the case de nova. The new trial judge granted a motion to allow the case to proceed under a new theory as to the property’s highest and best use. Another appeal ensued and the appellate court reversed the new judge’s ruling allowing a change of theory for the trial, stating that
“[t]he only change, after our remand, was the disqualification of the original Trial Justice and the substitution of a new Judge. But this was not such a change of conditions as warranted a retrial, de nova, on a new theory, in the face of our limited remand for further proof on the old theory. The new Trial Justice could himself inspect the property and read the record of the original trial, which contains not only the appraisers’ testimony but also adequate testimony as to the condition of the property at the time of vesting; and, with that record and the further proof taken pursuant to our remand, he would have as adequate a basis for a redetermination of the damages as the original Judge would have had if he had not disqualified himself.” (Matter of County of Nassau, 40 AD2d 854, 854-855 [2d Dept 1972] [emphasis added].)
The court’s remand was for a limited purpose and simply built upon the determinations already made by the original court, as reversed and altered by the appellate court. The facts as presented by Matter of County of Nassau did not even invoke discussion of Judiciary Law § 21 by the appellate court. This was not a situation, such as presented herein, where there has *548 been no ruling by the original court and where, if claimant’s relief was granted, this court would hear no further proof of its own, but rather rely entirely upon the record of a trial the court did not “hear” (claimant’s position — that listening to a tape is synonymous with “hearing” a trial — to the contrary notwithstanding).
Second, and contrary to claimant’s position, Matter of County of Nassau (40 AD2d 854 [1972]) is not the only pertinent decision issued by an appellate division. There is, in fact, a Third Department decision that is more relevant and on point. In Evans v State of New York (29 AD2d 611 [3d Dept 1967]), a judgment was entered in the Court of Claims following trial in an appropriation case. Both sides appealed the trial court’s decision and both sides agreed that the trial court made an error in its valuation approach. The appellate court reversed the judgment of the trial court, but stated that “[t]he Trial Judge having died during the pendency of this appeal, a new trial will be required unless the parties stipulate that a new decision upon the record previously made may be rendered by another Judge (Judiciary Law § 21).” (Evans v State of New York, 29 AD2d 611 [1967].) It is noteworthy that the Appellate Division never ordered that the new judge decide the case on the record previously made. In the instant case, the recusal of the trial judge makes that judge “dead” to this case. The assignment of a new trial judge mandates a new trial, in the absence of stipulation (Judiciary Law § 21; Evans v State of New York, 29 AD2d 611 [1967]).
There are additional decisions of the Appellate Divisions which are also consistent with the court’s decision in Evans v State of New York (29 AD2d 611 [1967]). In State of New York v General Elec. Co. (215 AD2d 928, 928 [3d Dept 1995]) the court noted: “We find merit in the . . . procedural argument that Supreme Court lacked the authority to render a decision on the motion because the Justice rendering the decision did not preside at oral argument” (citations omitted).
The court found that the principle that the judge who decides a matter should be the same judge who hears the matter is so basic that it went on to state that “the right to have a question determined by the Justice who hears oral argument is so fundamental that it may not be waived by the failure to raise it before the hearing court.” (State of New York v General Elec. Co., 215 AD2d 928, 929 [1995].)
A similar situation presented itself to the Appellate Division, Fourth Department, in Clover-East Assoc, v Bachler (23 AD2d *549 620 [4th Dept 1965]), wherein, after the oral argument of a motion had been held before one Supreme Court Justice, the motion, without notice to or the consent of the parties, was sent to another Justice, who decided the motion without any arguments being heard. The appellate court found this action (of deciding the motion without sitting in on the oral argument) to be expressly prohibited by Judiciary Law § 21 and vacated the order appealed from.
Clearly, deciding a motion on the submissions, without the benefit of being present and sitting as a judge on the oral argument, is an even less compelling situation than being called upon to decide the outcome of a lengthy nonjury trial without the benefit of having been “present and sitting therein as a judge” (Judiciary Law § 21).
In Matter of Connelly-Logal v West (272 AD2d 920 [4th Dept 2000]), an appeal was taken from a judgment which had been entered after a CPLR article 78 nonjury trial which was commenced before one Supreme Court Justice and concluded before another. The court found as follows:
“Respondents contend that the second Justice violated Judiciary Law § 21 by continuing the trial and determining issues involving the credibility of witnesses, whose testimony only the first Justice heard. We agree. Although respondents failed to object, ‘[t]he right to have a decision made by the Trial Judge who presided over the entire matter is so basic and fundamental that it is not waived by the failure of counsel to object at the time of the [trial]’ (Michel v Michel, 31 AD2d 313, 316).” (Matter of Connelly-Logal v West, 272 AD2d 920 [2000] [emphasis added].)
Most importantly, the Court of Appeals itself addressed the issue in Smith v State of New York (214 NY 140 [1915]). In that case, a negligence trial was held before the Board of Claims, the precursor of today’s Court of Claims. A three-member panel of the Board of Claims heard the case. Following the trial, but before the issuance of its decision, one of the three commissioners resigned and a new commissioner was appointed in his place. The successor commissioner participated in the decision despite not having heard the witnesses (there is some suggestion that he may have been the only commissioner involved in the decision). The Appellate Division affirmed the judgment of the Board of Claims and the matter came before the Court of Ap *550 peals. The Court of Appeals noted that the law mandated that, except as otherwise provided, the Board would follow practices as followed by the New York State Supreme Court. The court went on to state that
“the practice in the Supreme Court gives a litigant the right to have his case determined by the same judge who heard the testimony, is certain. (Williamson v. Randolph, 111 App. Div. 539; 185 N.Y. 603.) Indeed, the right is so fundamental that it is secured, at least in cases in the Supreme Court, by the constitution of the state. . . . The same principle of procedure is fortified by statute [then Judiciary Law § 22, identical in language to current Judiciary Law § 21, except that section 22 provided ‘not present or sitting’, rather than the current ‘not present and sitting’].” (Smith v State of New York, 214 NY 140, 143-144 [1915].)
While claimant argues that this court’s ability to “hear” the tape of the original trial is determinative, in fact the word “hear” appears nowhere in Judiciary Law § 21. Rather, the statute prohibits a judge “when he was not present and sitting” from deciding the outcome of a trial. I was not present and sitting as the trial judge in the original trial of this case. I did not preside, I did not make any evidence rulings and I did not rule on objections to testimony or exhibits. I was not present for the expert testimony in which the experts explained and interpreted complex design plans offered as documentary proof.
This court is satisfied that the Judiciary Law § 21 mandates, in the absence of stipulation of the parties, a trial de nova of this action. The court need not reach any of the other issues raised by the parties, as this ruling is dispositive of the motion.* Claimant’s motion is denied and a trial de nova of this claim shall be scheduled at the earliest possible date, subject to the parties’ right to appeal this ruling.

 The court notes that there is nothing in the statute, commentaries or relevant case law to support defendant’s argument that CPLR 4402 is also applicable to this matter, given the facts herein.